THE PEOPLE, ex rel. JOHN SWINBURNE, Respondent, *v.* MICHAEL N. NOLAN, Appellant.

In an action under the Code of Civil Procedure, in the nature of a *quo warranto* (§§ 1983, 1948), in which the person alleged to be rightfully entitled to the office was joined with the people as relator, after final judgment against defendant and in favor of the claimant, the court, in June, 1883, upon motion allowed a supplemental complaint claiming damages in consequence of defendant's intrusion into the office, with leave to answer, and directing the action to stand over until a day named. *Held* no error ; that under the provision of said Code (§ 1953,

prior to its amendment by chap. 399, Laws of 1884), as it then stood, which authorized a recovery "in the same action against the defendant," of the damages sustained by the person entitled to the office, and under the provision of the Code allowing supplemental pleadings (§ 544), the order was justified.

The relator in such an action is entitled to recover as damages the salary or emoluments received by defendant while he unlawfully held the office.

As to whether, under any circumstances, these damages may be diminished, *quære*.

Taking the oath and a demand of possession of the office are not conditions precedent to the relator's right of recovery ; it is not part of the plaintiffs' case to show that the relator was prepared to enter upon the duties of the office. nor is it any defense that conditions precedent to their performance have not been observed by him.

*Merrill* v. *Village of P.* (71 N. Y. 309), *People, ex rel. Williamson* v. *McKinney* (52 id. 374), distinguished.

(Argued February 9, 1886 ; decided March 2, 1886.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 6, 1884, which affirmed a judgment in favor of plaintiff.

This was an action in the nature of a *quo warranto,* to try the title to the office of mayor of the city of Albany.

The complaint alleged that the relator was duly elected to the office, and that defendant had illegally intruded into and usurped the same. The relief asked was that the relator be adjudged entitled to the office, and that a fine of $2,000 be imposed upon the defendant. There was no allegation in the complaint averring or claiming damages. The issues joined were tried, and resulted in a verdict for the relator. Judgment was entered thereon. Afterward, and on June 29, 1883, upon notice and hearing of both parties, an order was granted, granting the plaintiffs leave to file and serve a supplemental complaint, claiming damages, with leave to the defendant to file an answer thereto, and that the action stand over to a day named.

*E. Countryman* for appellant. At common law, the writ

and information in the nature of *quo warranto* were merely proceedings in behalf of the public to compel officers to produce and prove their official titles. There could be no judgment except of ouster or seizure, not even for costs. (*Rex* v. *Williams*, Mich. 31 G. 2; Bull. N. P. 211; 9 Anne, chap. 20, §§ 4, 5; 1 R. Laws, 108, 109, §§ 4, 5; 2 R. S. 582, 583, §§ 34–38; Code of Pro., §§ 428, 432, 434, 436, 439; Code of Civ. Pro., §§ 1983, 1948, 1953.) The Code of Civil Procedure has prescribed the exclusive rules of pleading and practice for all civil actions. (Code of Civ. Pro., §§ 478, 481, 484, 518, 1984.) The action to recover an office being an ordinary civil action, the same rules of pleading and practice prevail as in other actions. (*People* v. *Rider*, 12 N. Y. 433; *People* v. *Ransom*, 2 id. 490; Moak's Van Santv. Pl. 562, 787, 788; *Field* v. *Mayor of N. Y.*, 6 N. Y. 179, 189; *Bailey* v. *Rider*, 10 id. 363; *People* v. *Nolan*, 30 Hun, 484, 487; Code of Pro., § 428; Code of Civ. Pro., § 1983.) As there was no fraudulent usurpation of the office by the defendant, but as he held it in good faith, having reason to believe that he was elected, and under color of right, and actually discharged its duties while he drew the salary, etc.; and as there was no allegation or proof that the relator had ever qualified by taking the requisite oath of office, nor that he had ever demanded possession from the defendant, the defendant was entitled to retain the salary as against the relator. (*Stuhr* v. *Connor*, 44 N. J. L. 181; *Smith* v. *Mayor, etc.*, 37 N. Y. 518; *Wayne Co.* v. *Benoit*, 20 Mich. 176, 185; *Connor* v. *Mayor, etc.*, 5 N. Y. 285; *Queen* v. *Mayor, etc.*, 12 Ad. & El. 702; *Wilcox* v. *Smith*, 5 Wend. 231; *Plymouth* v. *Painter*, 17 Conn. 585.) It being found as a fact by the trial court that the defendant immediately after the charter election was duly declared to be elected to the said office of mayor by the common council, in whom such power was vested by law, and that he had duly qualified and discharged the duties of the office during the period for which he received the salary, he was clearly the *de facto* mayor, etc. (*Merritt* v. *Village of Port Chester*, 71 N. Y. 309, 312; *People, ex rel. Williams*, v. *McKinney*, 52 id. 374, 380; *Mc-*

542     PEOPLE, ex rel. SWINBURNE, *v.* NOLAN.     [March.

Opinion of the Court, per DANFORTH, J.

*Veany* v. *Mayor, etc.,* 80 id. 195; *People, ex rel. Zeiser,* v. *Kessel,* 10 Weekly Dig. 209; *Platt* v. *Stout,* 14 Abb. 178; *Mc Veany* v. *Mayor, etc.,* 80 N. Y. 185, 195.) The officer *de jure* may recover his damages for the wrong against the fixed usurper; and the amount of salary, if not the fixed measure, may be considered in assessing the damages. (*Dolan* v. *Mayor, etc.,* 68 N. Y. 282.)

*Henry W. Johnson* for respondent. At the time this action was commenced, and at the time it was tried, the law expressly provided that the damages of the relator might be recovered in the same action in which the title to the office is tried. (Code of Civ. Pro., § 1953.) Under the former Code a separate action was required. (*People, ex rel. Henderson,* v. *Snedecker,* 3 Abb. Pr. 233.) The proceedings in presenting to the court the question of the damages sustained by the relator were not only appropriate but were directly sanctioned by law, and they preserved every right of the defendant. (*People* v. *Hall,* 80 N. Y. 117; *People* v. *Thatcher,* 55 id. 529; *People, ex rel. Smith,* v. *Pease,* 30 Barb. 591; 1 R. L. 108, § 5; Revisers' notes to art. 2, tit. 2, chap. 9 of part 3, R. S.; Code of Pro., §§ 432, 435, 436, 437, 439; Code of Civ. Pro., §§ 1948, 1949, 1951, 1952, 1953, 1956; 2 R. S., marg. 583, § 36; 1 Tidd's Pr. 635; Gould's Plead. 37; *DeLisle* v. *Hunt,* 36 Hun, 620; 2 Wait's Pr. 468 and cases there cited.) There was no error in ordering judgment in favor of the relator for the amount of salary admitted in the defendant's answer to have been received by him after suit brought. (Code of Civ. Pro., § 1949; *State* v. *Porter,* 58 Iowa, 19; *Terhune* v. *Mayor, etc.,* 88 N. Y. 251; *Dolan* v. *Mayor, etc.,* id. 282; *U. S.* v. *Addison,* 22 How. [U. S.] 174; *Columbian Ins. Co.* v. *Wheelwright,* 7 Wheat. 534; *U. S.* v. *Addison,* 6 Wall. 292; *People* v. *Miller,* 2 Mich. 459; *Glasbeck* v. *Lyons,* 20 Ind. 1; *Mc Veany* v. *Mayor etc.,* 80 N. Y. 185.)

DANFORTH, J. The questions presented on this appeal were decided after much consideration by the judges of the Supreme

Court, and in the conclusion reached we concur. They relate *first*, to the form of procedure; *second*, to the measure of damages. The first is regulated by the Code, which in terms declares the writ of *quo warranto* and proceedings of like nature "to have been abolished," but provides that the relief formerly obtained thereby may be had by action where an appropriate action therefor is prescribed in that act (Code of Civ. Pro., tit. 1, chap. 16, art. 6, § 1983,) and, under its provisions, where, as in the present case, the relator is a claimant of the office, and a party to the action, the trial involves his right as well as that of the defendant, and judgment may be rendered upon the rights of both, or only upon the right of the defendant, as justice requires. (§ 1949.) If the former, and final judgment was in favor of the claimant, then as the law stood when these proceedings were pending, he might recover in *the same* action against the defendant, the damages which he had sustained in consequence of the defendant's usurpation or intrusion into and unlawful holding or exercise of the office. (§ 1953.) Prior to this enactment, the damages were recoverable "by action" (Code of Pro., § 439), and afterward by amendment in 1884, the section referred to (§ 1953) was changed so as to restore the reading of the former act, and the remedy under it would no doubt be by a new and original action. The difficulty in the present case grows out of the peculiar reading of the statute in force when the question arose. But its language was plain, and permissive, if not imperative. It was no doubt intended to assimilate the new practice to the remedy given by the Revised Statutes, through which the successful relator could, by a suggestion made and filed within one year after judgment in the *quo warranto* proceedings and trial, upon issue joined therein, recover the damages which he might have sustained by reason of such usurpation. (1 R. S., tit. 2, pt. 3, chap. 9, §§ 34–38.) That mode of practice, however, was abolished not only by the general language of the Code above cited, but by the express repeal of the statute which formulated it (Laws of 1877, chap. 417; Laws of 1880, chap. 245), and section 1953 of the Code (*supra*), as originally enacted,

appears to have been framed to take its place. If there be an omission to fully carry out that intention by new legislation, it was still the duty of the court, if possible, to apply the general rules of pleading in such manner as to make effectual the privilege given by the section in question, and prevent a failure of justice. It was so declared by the Code of Procedure (§ 468), which, in cases not provided for, permitted a resort to the practice theretofore in use. That section is not to be found in the present Code, and it might, therefore, be expected that under the general provisions of the act, every statutory right may be completely protected and enforced. To that end, after verdict and judgment establishing the relator's right to the office of mayor, the court below, upon motion, allowed a supplemental complaint claiming damages in consequence of the defendant's intrusion into that office, with leave to answer, and directing the action to stand over until a day named. These things were done, and upon the issue so found, a trial was had and damages assessed. The appellant's objection is that the claim for damages should have been made in the original complaint, but concedes that if it had been, " that issue could not be tried until after judgment rendered in favor of his title to the office."

The question then is reduced to this : Whether the court had power to allow that to be done after judgment, which might without leave have been done before, but which at whatever time done could only be made available after a prior issue had been disposed of. We think it had. The allegations essential to the claim for damages were not material upon the former issue, and if inserted in the original complaint, would not have affected it. By the Code (§ 544), a supplemental pleading in any action can be allowed in addition to the former pleading, setting up facts occurring, and a judgment rendered subsequent thereto, determining the matters in controversy, or a part thereof. It may well be that these general provisions were deemed sufficient to include the authority conferred by the Revised Statutes in the special case of a *quo warranto*. But whether they were or not, we think they justify the order of

1886.]     PEOPLE, ex rel. SWINBURNE, v. NOLAN.     545

Opinion of the Court, per DANFORTH, J.

the court in this case.   The Code required the damages, if any, to be assessed in the "same action," but did not limit the power of the court to allow allegations in regard thereto, at such time as a just regard to the rights of the parties seemed to require, or even to devise a new form of proceeding, if necessary, to carry into effect its power and jurisdiction.

As to the second question : The charter of the city of Albany provided for the election of mayor, the duration of his office for the term of two years, commencing on the first Tuesday of May next after his election, and declared that he should " receive an annual salary of $3,500, to be paid monthly by the chamberlain." (Laws of 1870, chap. 77, tit. 4, § 1.) The judgment in this case determines that the office of mayor legally vested in the relator by virtue of an election held on the 11th of April, 1882 ; that the defendant was not then elected, but at the commencement of the action (May 2, 1882), was and since has been wrongfully holding that office.   By his answer the defendant admits the receipt from the chamberlain of the salary pertaining to the office of mayor, to the amount of $4,005.43, from May 2, 1882, to the 22d of June, 1883, three days before the judgment of ouster went against him.   This sum has been adjudged to the relator. We think properly.  By section 1949 of the Code of Civil Procedure, the defendant, upon the receipt of the emoluments of office, and proof of the existence of such facts as have now been conclusively established, was liable to arrest on the application of the plaintiff, and the damages sustained by the relator, for which a recovery is permitted in the same action by section 1953, must be those of like character. Indeed it is difficult to see what other damages could be allowed in such a case.

The learned counsel for the appellant argues that taking the oath of office and demand of possession of the office were conditions precedent to the relator's right of recovery.   The statute is otherwise.   By the election he was rightfully entitled to the office, and for that reason properly joined with the people in the action against the intruder. . (§ 1949, Code of Civ. Pro.)

It was not part of the plaintiff's case to show that he was prepared to enter upon its duties, nor is it any defense that conditions precedent to their performance had not been observed. If the action were against the city for salary, the question would be different, and the cases of *Merritt* v. *Village of Port Chester* (71 N. Y. 309), and *People, ex rel. Williamson,* v. *McKinney* (52 id. 374), referred to by the appellant, might be pertinent. Here they have no application, while that of *Mc Veany* (80 N. Y. 195) aids the respondent. It must, in view of that and other cases, be conceded that payment by the city to Nolan, while holding the office and discharging its duties, would be a defense to an action brought against it by the rightful officer to recover the same salary, but as between that officer and Nolan, the salary has been .properly deemed to have been wrongfully received by the latter, and that for it he should make restitution.     In *Dolan* v. *Mayor, etc.* (68 N. Y. 274), it was said that the amount of salary, if not the fixed measure, might be considered by the jury in assessing the damages.     In *Terhune* v. *Mayor, etc.* (88 N. Y. 247), the remedy suggested was an action against the intruder " to recover the salary."     To the same effect is the *Mc Veany Case* (*supra*), and while all three treat the services rendered as the consideration of a right to the salary, they regard those services when rendered by an intruder, as voluntarily performed and to be " counted for the good " of the rightful claimant, and in the *Dolan Case* (*supra*) it is also said that if an officer merely *de facto,* obtains compensation for that service he is liable in an action for money had and received by the officer *de jure* to recover it.     So in the case of *The United States for the use of Crawford* v. *Addison* (6 Wall. 291), where the facts were quite like those before us, it was held that the measure of damages in such an action was the salary received by the intruding party.     Such also is our decision in *Nichols* v. *McLean,* just (February 27, 1886) decided.[*]     If, under any circumstances, they may be diminished, no foundation was laid for such inquiry in the court below, nor do facts warranting it appear here.

[*] *Ante,* p. 526.

We think the appeal should fail and the judgment of the court below be affirmed, with costs.

All concur.

Judgment affirmed.