## LAFAYETTE TRUST CO. v. PECK.

(Supreme Court, Appellate Division, Second Department.   June 4, 1909.)

1. PLEADING (§ 279*)—SUPPLEMENTAL COMPLAINT.

Certain persons agreed in writing to purchase bonds of a corporation to the amount set opposite their respective names, and plaintiff agreed to lend one of them an amount equal to the sum thus agreed to be paid, the bonds and the subscribers' agreement to pay therefor to be held by it as security. The subscribers agreed to pay the loan if the borrower should fail to do so, each to pay an amount equal to his subscription, in default of which the bonds might be sold by plaintiff, and, if the proceeds were insufficient to pay the defaulting subscriber's share of the loan, he was to pay the deficiency. One of the subscribers defaulted, and, instead of selling the bonds subscribed for by him, plaintiff sued him for the whole amount he had agreed to pay, and defendant, having claimed that the contract only gave a cause of action for a deficiency after a sale of the bonds, plaintiff thereupon sold the bonds pending the action and moved for leave to serve a supplemental complaint showing the sale and deficiency thereon. Held, that the motion should have been denied, since, if defendant's construction of the agreement was correct, no cause of action had accrued when suit was brought, and if there was a cause of action for the whole amount subscribed, without alleging a sale and deficiency, plaintiff could credit defendant on the trial with the proceeds of the sale without the aid of the supplemental complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. § 279.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 279*)—SUPPLEMENTAL COMPLAINT—PURPOSE.

A supplemental complaint is for the purpose of supplementing a good complaint, and cannot be availed of to change the original complaint to a new cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. § 279.*]

Appeal from Special Term, Kings County.

Action by the Lafayette Trust Company against Edward S. Peck. From an order allowing service of a supplemental complaint, defendant appeals. Reversed, and motion denied.

With the above action were heard actions by the same plaintiff against Edward D. Street, against John E. Fairbanks, against Elmer B. Yale, and against Richard J. Foster, wherein each defendant appeals.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

Rollin Tracy, for appellants.
Ward W. Pickard, for respondent.

GAYNOR, J. The complaint is on a written contract to which the plaintiff, one Laws, and 12 other persons, of whom the defendant is one, are the parties. The said 12 persons agree respectively to purchase the number of bonds of a certain corporation set opposite their several names at 85 per cent. of par, and the plaintiff agrees to loan Laws a sum equal to the 85 per cent. thus agreed to be paid, viz., $128,-000, the said bonds, together with the said subscribers' agreements to pay therefor, to be held by it as collateral security for the loan. The said subscribers also agree to pay the said loan if Laws should fail to do so, viz., each an amount equal to his said subscription, in default of which the agreement provides that the said bonds subscribed for by such defaulting subscriber "may" be sold by the plaintiff, and that if the proceeds be insufficient to pay such defaulting subscribers' share of such loan, he is to pay the deficiency. Instead of selling the bonds subscribed for by this defendant, and suing him for the deficiency, if there should be one, the complaint is for the recovery of the amount he obligated himself to pay. The defendant claims that the agreement gives no such cause of action, but only a cause of action for such deficiency arising out of such a sale. The plaintiff therefore sold the bonds during the pendency of the action, and applied for leave to serve a supplemental complaint showing such sale and the deficiency thereon. The motion should have been denied, for if the defendant's construction of the said agreement is correct, no cause of action had yet accrued to the plaintiff when this action was brought, and if the cause of action alleged, viz., for the whole amount, without alleging a sale and a deficiency, is good, then the plaintiff can credit the defendant on the trial with the proceeds of the sale without the aid of a so-called supplemental complaint. The attempt seems to be to change the complaint to a new cause of action by a supplemental complaint, and that is not permissible. A supplemental complaint is to supplement a good

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complaint, not to eke out a bad one.    Farmers' L. & T. Co. v. Telegraph Co., 47 Hun, 315.

The order should be reversed.

Orders reversed, with $10 costs and disbursements in each case, and motions denied, with costs in each case.    HIRSCHBERG, P. J., and JENKS, RICH, and MILLER, JJ., concur.