(134 App. Div. 468.)

### JOHN D. PARK & SONS CO. v. HUBBARD et al.

(Supreme Court, Appellate Division, First Department.   November 12, 1909.)

1. ACTION (§ 25*)—ACTIONS UNDER CODE—ABOLITION OF FORMS OF ACTION—EFFECT.

> Code Civ. Proc. § 3339, abolishing the distinction between actions of law and suits in equity, only abolished differences of form, and not of substance, and the relief granted in actions at law and in equity is still governed by the principles applying to such actions before its enactment.
>
> [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 156–159; Dec. Dig. § 25.*]

2. INJUNCTION (§ 197*)—RELIEF—DAMAGES—INCIDENTAL RELIEF.

> Equity, as an incident to its power to enjoin the continuance of acts which might cause irreparable injury, may decree the payment of such damages as have already resulted.
>
> [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 417; Dec. Dig. § 197.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. DAMAGES (§ 225*)—PLEADING (§ 279*)—TIME TO WHICH DAMAGES MAY BE RE-
COVERED—EQUITABLE ACTION—SUPPLEMENTAL COMPLAINT.          .
   Since equity may shape its decree as required by the facts shown at
the time of trial, damages may be awarded down to the time of trial, and
not merely to the commencement of the action, as at law; and hence a sup-
plemental complaint may be filed, showing facts occurring after the com-
mencement of the suit, so as to enable it to award such relief.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. § 567; Dec. Dig. §·
225;* Pleading, Cent. Dig. §§ 837½, 838; Dec. Dig. § 279.*]

4. PLEADING (§ 279*)—SUPPLEMENTAL COMPLAINT—NEW CAUSE OF ACTION.
   A supplemental complaint, filed under Code Civ. Proc. § 544, permitting
the court upon application, and requiring it in a proper case, upon just
terms, to permit the filing of a supplemental complaint, alleging facts
which occurred after the former pleading of the party, or of which he was
ignorant when it was made, must allege facts in aid of the original cause
of action, and cannot set up a new cause of action, accruing after that
alleged in the original complaint.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 838; Dec. Dig.
   § 279.*]

5. DAMAGES (§ 225*)—TIME TO WHICH DAMAGES MAY BE RECOVERED—LEGAL.
ACTION.
   Since Code Civ. Proc. § 3339, abolishing the distinction between actions
at law and suits in equity, only abolishes distinctions of form, and not of
substance, the rule still prevails, with certain exceptions, such as an ac-
tion for damages for breach of an employment contract, that the rights
of the parties in a legal action must be determined as of the commence-
ment of the action, so that damages accruing thereafter cannot be re-
covered.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. § 567; Dec. Dig.
   § 225.*]

6. PLEADING (§ 279*)—SUPPLEMENTAL COMPLAINT—TIME OF FILING—LEGAL.
ACTIONS.
   Code Civ. Proc. § 544, permits the court upon application of either party,
and requires it upon just terms in a proper case, to allow a supplemental
complaint, alleging facts occurring after the former pleading, or of which
plaintiff was ignorant when it was made.  The action was commenced
August 22, 1897, to recover $500,000 damages for alleged tortious acts,
and amended complaints were filed by permission and consent on June
11, 1898, and September 30, 1903; and on May 11, 1909, plaintiff was al-
lowed to file a supplemental complaint, alleging additional and independ-
ent tortious acts committed after the commencement of the action, and
increasing the damages claimed to $3,500,000.  *Held,* that since, in ac-
tions at law, plaintiff can only recover damages down to the commence-
ment of the action, the statute did not authorize the court to allow a
supplemental complaint, setting up the wrongful acts committed since
the commencement of the action.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 837; Dec. Dig.
   § 279.*]

7. PLEADING (§ 279*)—SUPPLEMENTAL COMPLAINT—TIME OF FILING.
   Where the original complaint was filed August 22, 1897, and two
amended complaints were filed, in 1898 and in 1903, respectively, plaintiff
could not, on May 11, 1909, file a supplemental complaint setting up in-
dependent tortious acts, some of which were committed after the com-
mencement of the original action, in view of the long time which has
elapsed since the issues were made up by the original and amended com-
plaints.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 837; Dec. Dig.
   § 279.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Special Term, New York County.

Action by the John D. Park & Sons Company against Charles Hubbard and others. From an order granting a motion to serve and file a supplemental complaint, defendants appeal. Reversed, and motion denied.

See, also, 119 N. Y. Supp. 352.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Robinson, Biddle & Benedict (Norman B. Beecher, of counsel, and Herman S. Hertwig and Don. A. Adams, on the brief), for appellants.

Henry T. Fay (Alton B. Parker, of counsel), for respondent.

CLARKE, J. This action was commenced August 22, 1897, to recover $500,000 for damages alleged to have been sustained by the plaintiff by reason of the acts of the defendants in entering into and carrying out certain combinations, conspiracies, and agreements with respect to the sale of what are known as patent medicines or proprietary goods. Plaintiff brought another action in equity to obtain an injunction against the doing of the alleged acts and the carrying out of the alleged agreements, which were claimed to be illegal and to amount to a combination in restraint of trade. To the complaint in equity in that suit the defendants demurred, which demurrer was sustained by the Appellate Division,[1] and finally by the Court of Appeals in April, 1903, and reported in 175 N. Y. 1, 67 N. E. 136, 62 L. R. A. 632, 96 Am. St. Rep. 578. On June 11, 1898, permission was granted herein to serve an amended complaint, which was served on August 1, 1901. On September 30, 1903, after the decision of the Court of Appeals in the equity case, at the plaintiff's request, defendants consented to the service of another amended complaint, to which an answer was served November 7, 1903. Both parties at once noticed the case for trial, and it was placed upon the calendar, where it has since remained.

In May, 1907, in an action brought by the United States against the members of said combination, including these defendants, a decree was entered by consent enjoining the further continuance of the combination; and thereupon, in September or October of 1907, the members of said combination by resolution rescinded and abandoned the further carrying out of their plans and the further doing of said acts. On May 11, 1909, plaintiff made a motion for leave to serve a supplemental complaint, setting up numerous additional acts, some alleged to have been perpetrated prior to the commencement of the action and the rest subsequent thereto, for which damages are claimed, and increasing the amount of the damages so claimed from $500,000 to $3,500,000. The Special Term granted the motion, and from the order entered thereon this appeal is taken.

In brief, 12 years after the commencement of an action at law, after the complaint had been twice amended, the last amended complaint having been served September 30, 1903, a supplemental complaint has been allowed to be served, which alleges wrongful acts committed since the commencement of the action, and claims damages therefor to the extent of $3,000,000. The plaintiff claims that section 544 of the

[1] 54 App. Div. 223, 66 N. Y. Supp. 615.

Code of Civil Procedure confers upon it a strict legal right to the relief granted.   Said section provides that:

"Upon the application of either party, the court may, and, in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made, including the judgment or decree of a competent court, rendered after the commencement of the action, determining the matters in controversy, or a part thereof.  *  *  *"

While it is true that section 3339 of the Code of Civil Procedure provides that "there is only one form of civil action," and "the distinction between actions at law and suits in equity and the forms of those actions and suits have been abolished," it is not true that the essential characteristics which distinguish actions at law from suits in equity have been abolished.   The form of a pleading no longer controls.   The complaint must contain a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition, and a demand for the judgment to which the plaintiff supposes himself entitled.   Section 481, Code of Civil Procedure.   But whether the action shall proceed to trial as at common law before a jury of 12 men, or at equity before the court, and the relief granted, is still to be determined by the settled principles governing and distinguishing the practice at law and in equity.   What was sought to be accomplished was abolition of form; but substance was retained.   A distinguishing characteristic of equity was the power to enjoin the performance and continuance of acts which might cause irreparable injury, and as an incident to a decree the payment of such damage as had been caused. It was always the custom for equity to shape its flexible decree as required by the facts shown at the time of the trial, which included, of course, the ascertainment and award of damages down to said time. Therefore it was proper, and it has been the continuous practice in equity, in accordance with that settled policy, to allow the service of a supplemental complaint, which would set forth such facts as had occurred after the commencement of the suit as were necessary to enable the court to so shape its relief.

In actions at law, on the other hand, it was the settled rule that the entire cause of action must have existed at the time of the commencement of the suit, and it was in but a few exceptional cases that damages which had not then accrued could be recovered.   Said Judge Earl, in Uline v. N. Y. C. & H. R. R. Co., 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661:

"There never has been in this state before this case the least doubt expressed in any judicial decision, so far as I can discover, that the plaintiff in such a case is entitled to recover damages only up to the commencement of the action.  That such is the rule is as well settled here as any rule of law can be by repeated and uniform decisions of all the courts.  *  *  *  In Williams v. R. R. Co., 16 N. Y. 97, 69 Am. Dec. 651, and Story v. R. R. Co., 90 N. Y. 122, 43 Am. Rep 146, a resort to equity was allowed because the necessity of bringing successive actions to recover damages would thus be obviated.  If in those cases the plaintiffs could have recovered all the damages, past and prospective, in actions at law, equitable actions would have been unnecessary and unauthorized."

One recognized exception was an action for damages for breach of contract of employment. An action accrued upon the breach, and a suit might then be brought; and, if such action came to trial after the term of employment had expired, then damages might be found as for the whole term, and not otherwise. Everson v, Powers, 89 N. Y. 527, 42 Am. Rep. 319. The breach gave but one cause of action, and satisfaction could be had only in that action. So, in an action quo warranto, the Court of Appeals held, in People ex rel. Swinburne v. Nolan, 101 N. Y. 539, 5 N. E. 446, that inasmuch as, by the peculiar wording of the statute then in force, relator might recover in the same action against the defendant the damages which he had sustained in consequence of the defendant's usurpation or intrusion into and unlawful holding or exercise of the office, a supplemental complaint was proper, setting up the expiration of the term and claiming damages.

These exceptions accentuate the general rule, which we do not think has been affected by the provisions of section 544 of the Code of Civil Procedure.. The language is: "The court may, and, in a proper case, must." We think such a case would be presented by a devolution of title, for instance; but the supplemental complaint must always, it seems to us, present facts in aid of the original cause of action, and not facts setting forth an entirely new and independent cause of action, coming into existence subsequent to that cause of action for which the suit was brought. Here we have a case which originally set up a large number of tortious acts, by the perpetration of which it was alleged damage had been inflicted upon the plaintiff to the extent of $500,000. It is now sought to inject into the case a large number of additional and independent tortious acts, claimed to have damaged the plaintiff in the additional sum of $3,000,000, 12 years after the commencement of the action, against a large number of which acts it is evident that the statute of limitations has run. No case presenting facts similar to the one at bar, allowing the service of such a supplemental complaint as this, has been presented to us; nor have we found that section 544 of the Code, supra, has been invoked as an authority for the service of such a supplemental complaint in an action at law. The cases cited by respondent have been examined. Most of them were equity cases, or came within the recognized exceptions alluded to. We find that the Uline Case stands unreversed and unaffected by later decisions. The rule still is that in actions at law the rights of the parties must be determined as at the commencement of the action, with certain exceptions.

We intend to put our decision squarely upon the proposition that the allowance of such a supplemental complaint as is here in question is not within the power of the court; but we further say that the Court of Appeals has many times held that the determination of whether, under said section of the Code, a supplemental pleading should be served, is one within the discretion of the Supreme Court. Fleischmann v. Bennett, 79 N. Y. 579. Evidently this pleading is not in aid of the cause of action here set up. The supplementary facts here presented, if constituting causes of action, are independent tortious acts, for which independent suits, if brought in time, might have been instituted.

The plaintiff did not choose to institute such suits, and it may not at this late day inject them into this case, whose issues have been so long made up.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.