(173 App. Div. 695)

## RUMMELL et al. v. BLANCHARD et al.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

1. PLEADING ☞279(4)—SUPPLEMENTAL COMPLAINT—WHEN PERMISSIBLE.

A supplemental complaint is limited to setting forth facts occurring subsequent to commencement of the action, and in aid of the original cause of action, but cannot set forth an entirely new and independent cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 838, 839; Dec. Dig. ☞279(4).]

2. PLEADING ☞279(4)—SUPPLEMENTAL COMPLAINT—NEW CAUSE.

Where the original complaint sought replevin of goods for the purchaser's fraud, the seller could not file supplemental complaint alleging agreement after purchaser's bankruptcy to retransfer title to the seller; the complaint being on the theory that the purchaser never acquired title, so that the supplement, which implied that title was in the purchaser, was upon a new cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 838, 839; Dec. Dig. ☞279(4).]

Smith and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Jacob Rummell and another against the Bush Terminal Company and George A. Alden & Co., in which Archibald Blanchard and others, trustees in bankruptcy, were substituted for George A.

Alden & Co. From an order denying motion for leave to serve a supplemental complaint, plaintiffs appeal. Affirmed.

See, also, 167 App. Div. 654, 153 N. Y. Supp. 159.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Milton Dammann, of New York City, for appellants.

Joseph M. Hartfield, of New York City, for respondents.

McLAUGHLIN, J.   Action in replevin to recover 200 cases of shellac. At the commencement of the action the plaintiffs executed the usual undertaking and took the shellac—which they still have—into their possession. The present defendants were subsequently substituted as parties defendants and an amended complaint was served, which now stands as the complaint in the action. The cause of action alleged is predicated upon the fact that George A. Alden & Co. obtained possession of the shellac by fraud from the plaintiffs, who for that reason were entitled to rescind the contract of sale and recover the goods. The proposed so-called supplemental complaint alleges that in March, 1914 (about a year subsequent to the time the action was commenced, and George A. Alden & Co. in the meantime having gone into bankruptcy), a composition in bankruptcy was accepted by the creditors of record and the bankrupts were discharged; that after George A. Alden & Co. had been adjudicated bankrupts, and prior to the settlement with the creditors of record in the bankruptcy proceeding, an agreement was entered into between the plaintiffs and Alden & Co., which provided that plaintiffs should retain the ownership and possession of the shellac and waive all claims against Alden & Co. arising out of the latter's failure to perform the contract alleged in the complaint; that the schedules in bankruptcy of Alden & Co. did not list the shellac as an asset, nor the plaintiffs as creditors, and by reason of the agreement last referred to the plaintiffs did not file their claim in the bankruptcy proceeding, nor share in the composition.

[1] A supplemental complaint is limited to setting forth facts occurring subsequent to the commencement of the action and in aid of the original cause of action. It cannot be made the means of setting forth facts constituting an entirely new and independent cause of action. Park & Sons Co. v. Hubbard, 134 App. Div. 468, 119 N. Y. Supp. 347, affirmed 198 N. Y. 136, 91 N. E. 261; Lafayette Trust Co. v. Peck, 133 App. Div. 370, 117 N. Y. Supp. 336; Bell Telephone Co. v. Home Telephone Co., 52 App. Div. 13, 64 N. Y. Supp. 821.

[2] The supplemental complaint is not in aid of the cause of action set out in the complaint. The facts set forth in the supplemental complaint, if constituting a cause of action at all, are independent of and in no way connected with the cause of action upon which a recovery of the shellac is claimed. Under the complaint the plaintiffs did not have a valid claim against the bankrupts. The theory of the complaint, as indicated, is that the title of the shellac, by reason of the fraud practiced upon the plaintiffs, was not in Alden & Co., and for that reason plaintiffs had a right to rescind the contract and recover possession

of it. If the title were in Alden & Co., when they were adjudicated bankrupts, it passed to the trustees in bankruptcy. If the title were in the plaintiffs, as claimed in the complaint, then the agreement set forth in the supplemental complaint is of no importance, because Alden & Co. could not give what they did not have.

The allegation that the plaintiffs did not prosecute their claim in the bankruptcy proceeding is of no importance, because, under the allegations of the complaint, they did not have a claim which they could prosecute.

I think the order is right, and should be affirmed, with $10 costs and disbursements.

CLARKE, P. J., and PAGE, J., concur.

SCOTT, J. (dissenting). This is an action in replevin. The amended complaint alleges: That on or about January 27, 1913, the plaintiffs and certain persons trading as George A. Alden & Co. entered into a contract of exchange, which provided that plaintiffs would deliver to Alden & Co. 332 cases of shellac to be paid for at a certain price. Alden & Co. undertook to return 332 cases of shellac of a similar kind in the month of June, 1913. Pursuant to this agreement plaintiffs delivered to Alden & Co. 132 cases of shellac and received payment therefor. About February 14, 1913, plaintiffs had stored with the Bush Terminal Company 200 cases of shellac, for which the Bush Terminal Company had issued two negotiable warehouse receipts. Pursuant to the contract, plaintiffs, about February 14, 1913, delivered to Alden & Co. these negotiable receipts. Alden & Co. forwarded these receipts to the Bush Terminal Company, requesting that they be canceled and new receipts issued in the name of Alden & Co. While these receipts were in the possession of the Bush Terminal Company, Alden & Co. failed. That Alden & Co. falsely represented that they were solvent, and that plaintiffs made the contracts relying upon the truth of the representations which were made to induce plaintiffs to make the contract. Plaintiffs thereupon immediately replevied the warehouse receipts and the 200 cases of shellac, and commenced this action against the Bush Terminal Company. That Alden & Co. were adjudged bankrupts, and their trustees in bankruptcy were substituted as defendants in this action, on or about July 8, 1913.

The proposed supplemental complaint alleges that a composition in bankruptcy offered by Alden & Co. about March 27, 1914, was accepted by their creditors of record, and that the defendants were discharged as trustees in bankruptcy of Alden & Co., and therefore have no interest in this action. It is further alleged that subsequent to February 27, 1913, the date when this action was commenced, and prior to May 15, 1913, an agreement was made between the plaintiffs, Alden & Co., and the defendants, providing that the plaintiffs should retain possession of the shellac which they had heretofore replevied, and that the plaintiffs would waive and not prove any claim against Alden & Co. in the bankruptcy courts for the failure of Alden & Co. to perform the contract heretofore referred to. It is then

alleged that the schedules filed by Alden & Co. did not schedule the 200 cases of shellac involved in this action as an asset of Alden & Co. and did not schedule the plaintiffs among the creditors of Alden & Co., and that the plaintiffs did not share in the composition offered by Alden & Co.

All of the facts set forth in the supplemental complaint occurred subsequent to the commencement of this action. It is true that they were known to the plaintiffs prior to the service of the last amended complaint, but, having occurred subsequent to the commencement of the action, they could not properly have been incorporated in the amended complaint, as stated by Mr. Justice McLaughlin in Milliken v. McGarrah, 164 App. Div. 110, 149 N. Y. Supp. 484:

"Facts arising after the commencement of an action may properly be set up in a supplemental pleading. The difference between an amended and a supplemental pleading is pointed out in Horowitz v. Goodman, 112 App. Div. 13 [98 N. Y. Supp. 53.] The plaintiff could not properly set out in an amended pleading the facts which he here desires to plead. That could only be done by a supplemental complaint. The plaintiff, therefore, properly amended his pleading, and omitted therefrom facts which had occurred subsequent to the time that the original complaint was served, and after the amended pleading had been served set up the other facts in a supplemental complaint. Applications for leave to serve an amended or supplemental pleading, where the other party cannot be injured thereby, are granted almost as a matter of course, to the end that the parties to the litigation may have an opportunity to raise and have determined such questions as they may think affect their respective interests. Merrihew v. Kingsbury, 150 App. Div. 40 [134 N. Y. Supp. 452]."

This being an action in replevin, the question to be determined by the court is the right to the immediate possession of the shellac. The proposed supplemental complaint alleges that the defendants, who were the trustees in bankruptcy of Alden & Co., were discharged as such trustees in bankruptcy and have no interest in the shellac or warehouse receipts, the subject-matter of this action, and are not entitled to any relief in this action. The composition and the discharge of the trustees, occurring after the commencement of the action, could not have been properly alleged in the amended complaint, but could only be presented by way of a supplemental complaint. It is claimed that other matters set forth in the proposed supplemental complaint constitute a new cause of action. This the appellants deny. If it were so, it would not be ground for denying a leave to serve the proposed pleading, as certain of the matters are undoubtedly relevant. In Brewster v. Brewster Co., 138 App. Div. 139, 122 N. Y. Supp. 1019, Mr. Justice Laughlin said:

"The rule is now well settled that the merits of the case will not be considered on an application to serve a supplemental pleading, and that, unless the insufficiency of the original pleading has been authoritatively adjudicated, the motion for leave to serve a supplemental pleading will neither be denied on the theory that a cause of action is not stated in the original pleading, nor on the theory that it will be of no avail, for these questions should be left to be decided on demurrer, or on motion for judgment on the pleadings, or on the trial, whereby the party desiring to interpose the pleading will be afforded a clear legal right to review any adverse decision or ruling [citing cases]. If the proposed pleading contains allegations of fact relevant to and consistent with the case presented by the original pleading, leave to serve

it should not be denied on the ground that it contains other allegations not germane thereto, and a motion may be made thereafter, notwithstanding the granting of such leave, to strike out the irrelevant allegations."

I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

SMITH, J., concurs.