ALFRED D. TREMPE, Respondent, *v.* LOUIS H. PERLMAN,
Appellant.

First Department, May 5, 1919.

Pleading — action for money had and received — supplemental
complaint — joinder of causes of action — supplemental facts in
aid of original cause of action — action at law must be complete
when commenced — failure to allege service of notice of rescission
prior to commencement of action — remedy of plaintiff upon
denial of motion for leave to serve supplemental complaint.

Facts alleged in a supplemental complaint must be in aid of the original
cause of action and must not constitute a new and independent cause of
action.

Where an original complaint sets out a cause of action for money had and
received based upon a rescission of a contract by the plaintiff upon the
ground that the defendant had failed to carry out the same, and a proposed
supplemental complaint sets forth three causes of action; the first, sub-
stantially the same as that alleged in the original complaint; the second,
alleging that the contract was induced by fraud of which the plaintiff was
ignorant when the action was begun and that on discovering the fraud he
rescinded the contract; and the third, realleging the facts constituting the
first cause of action and then alleging that the defendant did not intend,
when the contract was made, to perform the same but intended to defraud
the plaintiff because of which plaintiff gave notice of rescission after the
commencement of the action, said causes of action are not inconsistent
and may be joined in one complaint.

While the ground for rescission is different in each case, the cause of action
is the same, and, therefore, the supplemental facts are in aid of the original
cause of action.

Since the notice of rescission, essential to the claim of fraud as pleaded in the
proposed supplemental complaint, was not given until after the com-
mencement of the action, the motion for leave to file said complaint
must be denied.

To allow the proposed additional causes of action to be pleaded would con-
trovert the well-settled rule that a cause of action at law must be complete
when it is commenced.

The plaintiff may obtain full relief by securing leave to discontinue the present
action and then beginning a new one.

APPEAL by the defendant, Louis H. Perlman, from an
order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 17th day of January, 1919, granting plaintiff
leave to file a supplemental complaint.

*Henry F. Herberman* of counsel [*John Thomas Smith*, attorney], for the appellant.

*Howard H. Nieman* of counsel, for the respondent.

SHEARN, J.:

Appeal from an order granting plaintiff leave to serve a supplemental complaint, consisting in the main of facts existing prior to the commencement of the action, but of which the plaintiff was ignorant, and in part of acts subsequent to the service of the original complaint.

Ordinarily the only occasion for the service of a supplemental pleading is to allege material facts which occurred after the former pleading; but the Code, section 544, specifically provides for the service of a supplemental pleading alleging material facts of which the pleader was ignorant when the former pleading was made. In the case of a supplemental complaint, however, such facts must not constitute a new and independent cause of action, but must be in aid of the original cause of action. In such case the rule with respect to granting the motions was stated in *Milliken* v. *McGarrah* (164 App. Div. 110) in an opinion by Mr. Justice McLAUGHLIN, as follows: " Applications for leave to serve an amended or supplemental pleading, where the other party cannot be injured thereby, are granted almost as a matter of course, to the end that the parties to the litigation may have an opportunity to raise and have determined such questions as they may think affect their respective interests."

The situation presented is an unusual one. The original complaint sets out a cause of action for money had and received, based upon the rescission of a contract by the plaintiff, pursuant to which contract the plaintiff had paid the defendant $15,000 on account, the ground of the rescission being that the defendant had failed to carry out the contract. The proposed supplemental complaint sets forth three causes of action. The first is substantially the same as that set forth in the original complaint, and is properly included in the supplemental complaint, which is one designed to take the place of the original complaint. The second cause of action alleges that the contract was induced by fraud; that

the plaintiff was ignorant of the fraud when the action was begun; and that, on discovering the fraud, plaintiff rescinded the agreement, whereby he became entitled to the sum paid as money had and received. The third cause of action realleges the facts constituting the first cause of action, namely, the contract, payment on account thereof and defendant's refusal to perform, and then alleges that the defendant did not intend when the contract was made to perform the same, but intended to defraud the plaintiff, because of which plaintiff, after the commencement of the action and on November 7, 1918, notified the defendant that he rescinded the agreement, by reason whereof plaintiff is entitled to recover said payment as money had and received.

The first question that presents itself is whether these causes of action are consistent with one another and can be joined in one complaint. All three causes of action are based upon the promise to pay back the money implied by law, and all are based upon rescission. It, therefore, appears that they are not inconsistent and may be joined, for it was held in *Freer* v. *Denton* (61 N. Y. 492) that an action to recover moneys paid on a contract repudiated by the plaintiff on the ground of fraud may be joined with one to recover moneys paid on the ground that defendant has refused to perform and has repudiated the contract.

The second question is whether the causes of action are all independent of and unrelated to one another, or, on the other hand, whether the additional causes of action are set up in aid of the first cause of action. While a cause of action could be maintained separately upon the state of facts set forth in each cause of action, the causes are not independent and unrelated. All are based upon the same transaction; all are based upon rescission; and all are brought to recover the same sum of money as had and received by the defendant upon an implied promise to repay. Thus, while the ground for rescission is different in each case, the cause of action is the same. Accordingly, it seems to me that the supplemental facts are in aid of the original cause of action. In *Rummell* v. *Blanchard* (173 App. Div. 695), relied upon by the appellant, where leave to serve a supplemental complaint was denied, Mr. Justice McLAUGHLIN said that the facts were independent

of and in no way connected with the original cause of action. This is a totally different case from *Park & Sons Co. v. Hubbard* (134 App. Div. 468; affd., 198 N. Y. 136), for there the attempt was to set up acts which occurred after the commencement of the action, and then base a demand for additional damages thereon. As the original cause of action is for money had and received on an implied contract to repay it, and as the new facts materially aid the plaintiff in establishing such a cause of action, and as plaintiff was ignorant of the facts when the action was begun, and having in mind the liberal rule stated in the *Milliken Case* (*supra*), I am of the opinion that a proper case was made out for granting the order appealed from, but for one element of the case, which is fatal. The notice of rescission, essential to give effect to the claim of fraud as pleaded, was not given until after the action was begun. Here the additional causes of action, based upon the notice of rescission served on discovery of fraud, while *existing* at the commencement of the action, could only be successfully maintained on giving notice to rescind and, under the circumstances of the case, notice was necessarily given after the commencement of the action, for the fraud was not discovered earlier. This is an action at law, and in such case the cause of action must be complete when the action is instituted. To allow these additional causes of action to be pleaded in the pending suit would run directly counter to this rule. The plaintiff can obtain full relief by obtaining leave to discontinue the present action and then beginning a new one. It would only introduce confusion in practice, if, in order to avoid a seeming technicality, an exception was made to a well-settled rule of pleading.

The order must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.