# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

ABIGAIL HANCOCK BISHOP, Respondent, *v.* MOSES TAYLOR and Others, Defendants, Impleaded with JAMES C. BISHOP, Appellant.

First Department, July 2, 1924.

**Pleadings — complaint — action to sequester income under trust to pay alimony — relief was granted and alimony paid — plaintiff not entitled to serve supplemental complaint alleging damage caused by husband's default in paying alimony — said proposed pleading is not supplemental complaint under Civil Practice Act, § 245.**

A complaint in an action to sequester the income under a trust to pay alimony due to the plaintiff cannot be amended after the relief demanded is granted, the alimony paid and the receiver in the action discharged, to allege that by reason of the default of the husband in paying the alimony the plaintiff was damaged, since it does not constitute a supplemental complaint under section 245 of the Civil Practice Act inasmuch as it does not allege facts that arose after the original complaint or of which the plaintiff was ignorant at the time, but alleges a new cause of action.

APPEAL by the defendant, James C. Bishop, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of January, 1924, permitting plaintiff to serve a supplemental complaint.

*Pendleton, Anderson, Iselin & Riggs* [*Ellery O. Anderson* of counsel], for the appellant.

*Spitz & Bromberger* [*Henry W. Jessup* of counsel; *Edgar Bromberger* and *Ralph O. L. Fay* with him on the brief], for the respondent.

DOWLING, J.:

This action was commenced on September 3, 1921, to sequester so much of the income payable to the appellant, James C. Bishop,

under the trust created by the will of his father, Heber R. Bishop, as would suffice to pay the alimony provided in the final decree entered on December 6, 1913, in an action brought by this plaintiff against appellant for an absolute divorce.

By the terms of the decree plaintiff was awarded custody of two of the daughters of the parties, Natalie and Abigail, and also alimony in the sum of $288.46 per week, or at the rate of $15,000 per year. By order entered February 8, 1915, that alimony was reduced to $6,000 per annum, from which sum was deducted the value of certain furniture retained by plaintiff upon the divorce. On January 25, 1921, a further order was made modifying the final judgment of divorce (as theretofore modified) so as to provide for alimony at the rate of $10,000 per annum. The defendant complied with the provisions of the order of January 25, 1921, for a brief period, making payments thereunder down to April 11, 1921, at which time, without any further modification of the decree, he deducted the sum of $30 per week from the amounts payable to plaintiff. Thereafter and on June 29, 1921, defendant deducted the further sum of $30 per week from the amount of alimony, without authorization or order of the court, and on August 8, 1921, announced his intention of discontinuing all payments whatever. At the time of the commencement of this action there was due the sum of $1,326.93, representing deductions of $30 per week for eighteen weeks, deductions of an additional $30 per week for seven weeks, and a total default in all payments for three weeks. Defendant duly answered herein. A receiver *pendente lite* was appointed, and all arrears of alimony have been collected and paid, and all subsequent alimony due has been paid to date and the receiver discharged.

On September 24, 1923, six months after all relief prayed for had been obtained, plaintiff obtained an order to show cause why plaintiff should not be allowed to amend the complaint in the sequestration action by inserting additional paragraphs alleging in substance that by reason of the defaults and contempts of said James C. Bishop in having deceived the court in the proceedings to fix alimony and in having failed to pay plaintiff alimony when and as directed by the court she had sustained damages in the sum of upwards of $50,000; the expenses of retaining and employing counsel and expert accountants, as more fully set forth in said order to show cause. From the order granting that motion the present appeal is taken.

The pleading sought to be served herein is not a supplemental complaint.

" A supplemental complaint is limited to setting forth facts

occurring subsequent to the commencement of the action and in aid of the original cause of action." (*Rummell* v. *Blanchard*, 173 App. Div. 695, 697.) The supplemental complaint sought to be served herein does not show anything occurring subsequent to the commencement of the sequestration action, but events happening prior thereto. It seeks other and greater relief than that asked for in the original complaint and sets out an entirely new cause of action for damages. A supplemental complaint " cannot be made the means of setting forth facts constituting an entirely new and independent cause of action." (*Rummell* v. *Blanchard, supra.*) This is the rule laid down in section 245 of the Civil Practice Act, which defines a supplemental pleading as one " alleging material facts which occurred after his former pleading or of which he was ignorant when it was made, including the judgment or decree of a competent court rendered after the commencement of the action determining the matters in controversy, or a part thereof." The present proposed pleading does not come within any of the classes defined.

The plaintiff has obtained all of the relief sought in her original action, and having secured that, cannot now enlarge its scope so as to introduce an entirely new and independent cause of action.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.