John D. Park & Sons Company, Appellant, v. Charles Hubbard et al., Respondents.

Pleading — when allowance of supplemental pleading within discretion of the court — when court has no power to allow a supplemental pleading setting forth acts of a defendant subsequent to the commencement of an action.

The Supreme Court has a discretion to permit or to refuse a supplemental pleading; but that discretion must be exercised reasonably, and not capriciously or willfully.

There is no power in that court to allow a supplemental pleading setting forth acts of a defendant subsequent to the commencement of the action and seeking to recover damages therefor, for which an independent action might have been brought; but a plaintiff must recover all his damages for a single wrong, either tort or breach of contract, in one action, and may prove at the trial all damage that he has suffered up to that time that is the necessary and natural result of that wrong, and in many cases prospective damages, if they are reasonably certain to follow.

*Park & Sons Co.* v. *Hubbard,* 134 App. Div. 468, affirmed.

(Argued February 9, 1910; decided March 15, 1910.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 12, 1909, which reversed an order of Special Term granting a motion for leave to file and serve a supplemental complaint and denied said motion.

The nature of the action, the facts, so far as material, and the question certified, are stated in the opinion.

*Alton B. Parker* and *Henry T. Fay* for appellant. The power exists under section 544 of the Code of Civil Procedure to allow the filing and serving of a supplemental complaint, in an action at law for damages, alleging the continuance since the commencement of the action by the defendants of the acts complained of, and the consequent and intermediate damage to the plaintiff. (*People* v. *Nolan,* 101 N. Y. 539 ;

*Styles* v. *Fuller*, 101 N. Y. 622 ; *Eager* v. *Price*, 2 Paige, 333; *Lawrence* v. *Bolton*, 3 Paige, 294; *Slauson* v. *Englehart*, 34 Barb. 198; *Watson* v. *Thibou*, 17 Abb. Pr. 184; *Haddow* v. *Lundy*, 59 N. Y. 320.) The exercise of the power given by section 544 of the Code to allow the service of a supplemental complaint setting up facts which have occurred after the service of the original complaint, is not an arbitrary or discretionary one. (*Spears* v. *Mayor*, etc., 72 N. Y. 442; *Eager* v. *Price*, 2 Paige, 333 ; *Lawrence* v. *Bolton*, 3 Paige, 294; *Hoyt* v. *Sheldon*, 6 Duer, 661 ; *Bate* v. *Fellowes*, 4 Bosw. 638 ; *Medbury* v. *Swan*, 46 N. Y. 200 ; *Holyoke* v. *Adams*, 59 N. Y. 233 ; *Fleischmann* v. *Bennett*, 79 N. Y. 579 ; *Banks* v. *Duryea*, 74 N. Y. 491.)

*Norman B. Beecher* and *Herman S. Hertwig* for respondents. In an action at law to recover damages, the Supreme Court has no power, under section 544 of the Code of Civil Procedure, to allow a supplemental complaint alleging acts of defendant for which the plaintiff claims damages, which have occurred after the original complaint was served. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98 ; *Duryea* v. *Mayor*, etc., 26 Hun, 120 ; *Kenyon* v. *N. Y. C. & H. R. R. R. Co.*, 29 App. Div. 80 ; *Pond* v. *M. E. Ry. Co.*, 112 N. Y. 186; *Salmon* v. *B. Mfg. Co.*, 123 App. Div. 171 ; *Stowers* v. *Gilbert*, 156 N. Y. 600 ; *Mott* v. *Lewis*, 52 App. Div. 558 ; *Holly* v. *Graf*, 29 Hun, 443 ; *Bull* v. *Rothschild*, 16 Civ. Pro. Rep. 356 ; *Faas* v. *Faas*, 57 App. Div. 611.) The power of the Supreme Court under section 544 to grant an application for leave to make a supplemental complaint setting up facts occurring after the original complaint is a discretionary power. (*Spears* v. *Mayor*, etc., 72 N. Y. 442 ; *Fleischmann* v. *Bennett*, 79 N. Y. 579 ; *F. L. & T. Co.* v. *B. T. Co.*, 109 N. Y. 342 ; *F. L. & T. Co.* v. *N. Y. & N. Ry. Co.*, 180 N. Y. 503 ; *Matter of Thurber*, 162 N. Y. 244 ; *Matter of Rutledge*, 162 N. Y. 31 ; *Jenkins* v. *Putnam*, 106 N. Y. 272 ; *Stone* v. *Pratt*, 90 Hun, 39 ; *Medbury* v. *Swan*, 46 N. Y. 200 ; *Holyoke* v. *Adams*, 59 N. Y. 233.)

Cullen, Ch. J. The action is at law to recover damages for an illegal combination between the several defendants, under which they refused to sell any of their goods to the plaintiff, a wholesale druggist. The action was begun on August 22d, 1897. The details of the combination and the acts of the defendants in pursuance thereof were stated in the original complaint. In July, 1909, the plaintiff applied to the Special Term for leave to serve an amended complaint stating further acts done by the several defendants in pursuance of the combination and the injuries inflicted thereby on the plaintiff. The application was granted. The Appellate Division reversed the order of the Special Term and has certified two questions to this court for answer:

1. "Whether under section 544 of the Code of Civil Procedure the court has power in an action at law to recover damages to allow a supplemental complaint alleging acts of the defendants for which the plaintiff asks damages which have occurred after the original complaint was served."

2. "Whether the granting of an application to serve a supplemental complaint setting up facts which have occurred after the service of the original complaint is discretionary with the Supreme Court under the provisions of section 544 of the Code of Civil Procedure."

In the main we agree with the discussion of the case found in the opinion of the learned judge who wrote for the Appellate Division, and should have affirmed on that opinion, except for one statement of the law which doubtless the learned judge made inadvertently. We agree with the Appellate Division that there was no power in the court to allow a supplemental pleading setting forth acts of the defendants subsequent to the commencement of the action and seeking to recover damages therefor, for which independent actions might have been brought. The reasons for the rule are clearly stated in the opinion below. That the acts alleged in the supplemental complaint were of that character is clear, for by no recovery in the original case, nor satisfaction in this or in any case, could the defendants obtain the right to con-

tinue their illegal conduct towards the plaintiff. The rule, however, limiting a recovery in an action at law to damages accruing prior to the commencement of the action is stated below too broadly. Whatever may have been the practice in times gone by, it has been long settled that as a plaintiff must recover for a single wrong, either tort or breach of contract, all his damages in one action, so he may prove at the trial all damage that he has suffered up to that time that is the necessary or natural result of that wrong, and in many cases prospective damages, if they are reasonably certain to follow. (1 Sedgwick on Damages [8th ed.], § 84 *et seq.*) *Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 N. Y. 98) is not an authority to the contrary. That was an action to recover damages for a continuing trespass or nuisance, and there the recovery was not merely for damage resulting from the trespass before the commencement of the action, but for that occasioned by the repetition of the trespasses subsequent to the commencement thereof. It was held that the recovery could not be sustained, not on the ground that the damage occurred subsequent to the commencement of the action, but because the cause of action which occasioned it accrued subsequently. Nevertheless, as stated by the Appellate Division, the case is good authority for the proposition that in an action at law the plaintiff cannot recover on subsequently-accruing causes of action. The first question certified should, therefore, be answered in the negative.

The second question cannot be answered categorically. As to the discretion of the court to grant or refuse leave to serve a supplemental pleading, we adhere to the views expressed by Judge Folger in *Holyoke* v. *Adams* (59 N. Y. 233) and repeated by the same learned judge in *Spears* v. *Mayor, etc., of N. Y.* (72 N. Y. 442): "It has a discretion to permit or to refuse a supplemental pleading; but that discretion must be exercised reasonably, and not capriciously or willfully." (p. 444.) There are cases, some of them pointed out in the opinion below, in which a party not guilty of laches has a substantial right to serve a supplemental pleading. In other

cases it is a matter in the discretion of the court.    It is unnecessary to give illustrations of either class, as they will readily occur to a person familiar with practice.    As our answer to the first question certified disposes of this appeal, it becomes unnecessary to further discuss this question, except to say that in this case, bearing in mind the long delay, the granting of leave (had the court power) was purely discretionary.

The order appealed from should be affirmed, with costs; the first question certified answered in the negative, and the second question is not answered.

HAIGHT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.    ·

Order affirmed.    _____