EUGENE THALMESSINGER, Respondent, *v.* PINE RIDGE COAL COMPANY, Appellant.

First Department, May 5, 1922.

**Pleadings — action to recover commissions on sale of coal — permission will not be granted to serve supplemental complaint to cover commissions earned after commencement of action and for breach of contract occurring thereafter.**

In an action to recover commissions alleged to have been earned on the sale of coal for the defendant, it was improper for the court to permit the plaintiff to serve a supplemental complaint to include commissions alleged to have been earned on the sale of coal which was paid for after the action was commenced and for a breach of contract which occurred thereafter, for, as to those claims, the judgment in the present action would not preclude the plaintiff from maintaining an action to recover thereon.

APPEAL by the defendant, Pine Ridge Coal Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of February, 1922, granting plaintiff leave to serve a supplemental complaint.

*Emery H. Sykes* of counsel [*Loring W. Post* with him on the brief], for the appellant.

*William P. Maloney* of counsel, for the respondent.

PAGE, J.:

The action was brought by the plaintiff to recover $14,415.21, alleged to be due from the defendant for commissions on coal sold and delivered to Archibald McNeil & Sons Company, Inc., and

by said company paid for to the defendant between the date of the agreement between the parties (June 29, 1920) and the commencement of the action (January 7, 1921).

The plaintiff moved to be allowed to serve a supplemental complaint setting forth a second, third and fourth additional cause of action. The *second*, to recover commissions on additional coal shipped and paid for between August, 1920, and March, 1921, amounting to $35,941.74. *Third*, for damages amounting to $90,000 estimated on the entire output of the defendant's mines, for which plaintiff had negotiated a contract with Archibald McNeil & Sons Company, Inc., the breach of the said contract being, that in March, 1921, the defendant, for the purpose of preventing the plaintiff from obtaining the commissions due him, in consideration of $72,500 transferred to a nominee of Archibald McNeil & Sons Company, Inc., all the defendant's rights under said contract, under an agreement that the said contract was not to be enforced against the defendant. *Fourth*, for damages amounting to $90,000, in that the defendant in March, 1921, canceled the aforesaid contract between it and the Archibald McNeil & Sons Company, Inc., and entered into a new contract with said company, and for the purpose of preventing the plaintiff from receiving his commission, to which he was entitled on the entire output of defendant's mines, assigned all its rights, rights of action and causes of action under said contracts for the sale of the total production of said mines to a nominee of Archibald McNeil & Sons Company, Inc. And the supplemental complaint demands judgment for $90,000 with interest from August 1, 1921.

It is uncertain whether any of the additional tonnage, upon which the second cause of action is based, was delivered and paid for prior to January, 1921. If it was, plaintiff's remedy was to move to serve an amended complaint to include that amount in the original cause of action. As to such deliveries as were paid for after the action was brought, the cause of action for commission did not arise until such payments were made, and, therefore, did not accrue until subsequent to the commencement of the action. It is clear that the causes of action for damage for canceling the old contract and making a new one, and assigning both contracts and all rights of action which had accrued or should accrue thereunder to the nominee of Archibald McNeil & Sons Company, Inc., did not arise until March, 1921, which was three months after the commencement of the action. A judgment recovered in the action as originally brought would not be a bar to subsequent independent actions on the causes of action sought to be set up in the supplemental complaint.

It is well settled that in an action at law the plaintiff cannot

recover on subsequently accruing causes of action, and that there is no power in the court to permit a plaintiff to serve a supplemental complaint setting forth acts of the defendant subsequent to the commencement of the action, and seeking to recover damages therefor, for which independent actions might have been brought. (*Park & Sons Co.* v. *Hubbard*, 198 N. Y. 136, 138.)

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.