## TEALL v. STANDARD BRANDS, Inc.

District Court, W. D. New York.

Dec. 30, 1937.

MacFarlane & Harris, of Rochester, N. Y., for plaintiff.

Harris, Beach, Folger, Bacon & Keating, of Rochester, N. Y., for defendant.

BURKE, District Judge.

This is an action to recover from the defendant reasonable compensation pursuant to an alleged agreement entered into between plaintiff and defendant on or about January 15, 1935. As alleged in the complaint, "the plaintiff would furnish certain ideas to the defendant and would impart to the defendant certain valuable information requested by it, to wit, that plaintiff would reveal ways or methods of increasing the sale of defendant's product, known as 'Chase & Sanborn Coffee,' and of increasing defendant's profits to be derived therefrom, and would communicate said ideas to defendant, and that if the defendant, after receiving such information from the plaintiff should use and follow the ways, methods and ideas suggested by the plain-

tiff, then the defendant would reasonably compensate the plaintiff therefor."

The action was commenced on or about August 4, 1937. Issue has been joined by the service of an answer. Plaintiff now asks leave to serve a supplemental complaint which will contain additional facts relating to the adoption of a new form of container by the defendant, which is alleged to have occurred on or about the 10th day of October, 1937, and which, plaintiff claims, is the direct result of one or more of the ideas furnished by him to the defendant in accordance with the agreement alleged in the complaint.

Section 245 of the New York Civil Practice Act provides that, upon the application of either party, the court may, and in a proper case must, permit him to make a supplemental complaint alleging material facts which occurred after his former pleading or of which he was ignorant when it was made. The test as to the right of plaintiff to the relief asked is whether the acts occurring subsequent to the commencement of the cause of action give rise to an independent cause of action to recover damages. Park & Sons Co. v. Hubbard, 198 N.Y. 136, 91 N.E. 261.

According to the alleged agreement between the parties no right to recover compensation accrued to the plaintiff until the defendant, after receiving the ideas and information from the plaintiff relative to ways or methods of increasing its sales and increasing defendant's profits to be derived therefrom, should use and follow the ways, methods, and ideas suggested by the plaintiff. By plaintiff's affidavit in support of this motion it appears that the change in the form of the container in which the defendant's product is sold was not made until on or about October 10, 1937. Before that change defendant had not used the ideas and information alleged to have been imparted by the plaintiff. Until the defendant made use thereof no compensation was earned under the contract. Defendant's use as demonstrated by the change in its form of container gives rise to an independent cause of action for compensation based upon the original agreement for the use of plaintiff's ideas in connection with the new container. If plaintiff was entitled to recover the amount of damages sought in the original complaint for the use made of plaintiff's ideas up to the commencement of the action, he would be entitled to additional damages upon defendant's adoption of plaintiff's ideas in making the change in the form of container for its product.

The motion should be denied.