■ MICHAEL HANSEN, Respondent-Appellant, v. CAULDWELL-WINGATE Co. et al., Appellants-Respondents.— In an action by an employee of a subcontractor on a building under construction to recover damages for personal injuries against the general contractor and another subcontractor, said defendants moved to dismiss the complaint, pursuant to rule 107 of the Rules of Civil Practice, on the ground that plaintiff was not the real party in interest, his cause of action having been assigned to his employer's compensation carrier by operation of section 29 of the Workmen's Compensation Law, and plaintiff cross-moved pursuant to the same rule to dismiss the affirmative defense pleaded in defendants' answer that he is not the real party in interest. Plaintiff and defendants appeal from an order dated September 10, 1956 insofar as it denied their respective motions. Defendants also appeal from so much of an order dated October 10, 1956 as on reargument adhered to the original decision denying their motion under rule 107 and as denies their alternative motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice. Order dated September 10, 1956 insofar as it denied plaintiff's cross motion affirmed, without costs. Appeal from that part of the order dated September 10, 1956 which denied defendants' motion dismissed, without costs. Order dated October 10, 1956 insofar as appealed from affirmed, without costs. The affidavits present

a question of fact as to whether or not the insurance carrier of plaintiff's employer waived the statutory assignment under section 29 of the Workmen's Compensation Law. Since the question is not raised, we have assumed, without so deciding, that plaintiff's cross motion to dismiss was properly made under rule 107 of the Rules of Civil Practice. Nolan, P. J. Beldock and Hallinan, JJ., concur; Ughetta, J., concurs except as to the affirmance of that part of the order dated October 10, 1956 which denied defendants' motion for summary judgment, and dissents therefrom, and votes to reverse such part of said order and to grant the motion for summary judgment, with the following memorandum: It appears without dispute that on September 17, 1954 a sufficient notice pursuant to section 29 of the Workmen's Compensation Law was given to plaintiff, that he did not bring a thirty-party action within the time limited therefor, and that thereby the cause of action was assigned to his employer's insurance carrier. About 20 months later a second notice was given to plaintiff, differing from the first notice only in that the name of plaintiff's employer was correctly set forth. There is no statutory requirement for stating the employer's name in the notice; hence the second notice did not affect the rights theretofore established. The majority seem to base their holding on the fact that the giving of the second notice may permit of an inference that the rights established as a result of the giving of the first notice were withdrawn and waived. The very essence of waiver is voluntary choice. Negligence, oversight, thoughtlessness, or mistake do not create a waiver (*Gutman* v. *United States Cas. Co.*, 241 App. Div. 752). Against defendants' showing on the motion for summary judgment plaintiff was required to marshall his evidence and show a triable issue. He does not carry that burden by suggesting that possibly he may prove that there was a waiver. Murphy, J., concurs with Ughetta, J. [See *post*, p. 839.]