In the Matter of the Claim of MAGGIE WRIGHT, Respondent, against PLEASANT WASTE MATERIAL Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 21, 1957.

*Morris N. Lissauer, James J. Carroll, George J. Hayes* and *Victor Fiddler* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Carl Madonick* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Snitow & Snitow* for claimant-respondent.

FOSTER, P. J. This is an appeal by an employer and its insurance carrier from a decision and posthumous schedule award of compensation made by the Workmen's Compensation Board to the dependent mother of a deceased employee.

The sole issue on appeal is whether the settlement of a third-party action for personal injuries, or pain and suffering alone, brought by the administratrix of the decedent's estate, without the consent of the carrier bars the award, but in view of the state of the record it is not possible to give a clear answer to the question.

On August 26, 1944, and during the course of his employment, decedent suffered accidental injuries as the result of an explosion. He was paid compensation in the amount of $325.19 during his lifetime. Apparently payments of compensation were suspended on March 19, 1945 because decedent had then returned to work. On January 30, 1946 he died from causes unrelated to the accident, or at least the Workmen's Compensation Board so found and dismissed a claim for death benefits made by the dependent mother. In this proceeding however she has been given a posthumous award for personal injuries resulting in disability to the decedent in the amount of $1,638.94 (93⅗ weeks of disability from August 26, 1944 to June 19, 1946, at the rate of $17.51 per week) : and also an award of $750 for serious facial disfigurement.

The aunt of decedent became the administratrix of his estate and brought a double-barrelled negligence action against a third party, Pleasant Avenue Holding Corporation: (1) for wrongful death, and (2) for personal injuries, or pain and suffering, sustained by decedent prior to his death. The death action was dismissed because of the Statute of Limitations. The other action, whatever it embraced, was compromised for the sum of $4,000 without the consent of the carrier. Without the pleadings before it the board found that the action compromised was merely one for pain and suffering, and hence

excluded the amount of the settlement from any consideration as to deficiency compensation. It noted that the mother was not a party to the third-party action and took no part in the settlement. It also found that the compromise did not prejudice the carrier's rights under section 29 of the Workmen's Compensation Law.

It would seem to be a safe assumption that since the term "third party" is used by everyone concerned that the two actions arose from claims connected with the accident which happened to decedent on August 26, 1944, and indeed the board has so found. Since 1935 an action for personal injuries survives the death of a decedent and may be brought or continued by the executor or administrator of his estate. The damages recoverable in such an action are limited to those accruing before death and form a part of the estate of the deceased (Decedent Estate Law, §§ 119, 120). The usual action for personal injuries includes the elements of pain and suffering, but it also includes other elements, the injury itself and any permanent consequences, plus expenses (*Park & Sons Co. v. Hubbard,* 198 N. Y. 136). And it has long been a rule of pleading that a cause of action for damages for personal injuries cannot be divided and made the subject of several suits (*Secor v. Sturgis,* 16 N. Y. 548). Of course the plaintiff may if he chooses claim only damages for pain and suffering. Whether such was the claim of the administratrix in this matter we cannot tell because the pleadings are not before us.

There are other difficulties in this case that are not clarified by the record or the briefs submitted. Under section 29 of the Workmen's Compensation Law as it existed prior to September 1, 1951, the failure of an employee to bring a third-party action for personal injuries within six months after an award of compensation had been made, and in any event before the expiration of one year from the date such action accrued, operated as an assignment of such cause of action to the carrier. Since September 1, 1951, when an amendment to the statute became effective (L. 1951, ch. 527), such a failure does not automatically operate as an assignment unless the carrier notified the claimant at least 30 days prior to the expiration of the time limited for the commencement of an action. Thus in this case it would appear that any third-party action which the decedent had in his lifetime for personal injuries arising out of the accident in question became automatically assigned to the carrier under the old statute. There is no explanation in the record or briefs as to this possibility or the effect thereof. Apparently however it may be safely asserted that if the carrier became an assignee

as a matter of law it took no action thereon, and hence a serious question may arise as to whether the carrier did not waive its rights under section 29 of the Workmen's Compensation Law. If it slept on its rights it cannot now justly complain because the administratrix of decedent's estate was able to wangle a settlement on a cause of action to which her title was dubious. In this connection it should be pointed out that there may be some difficulty in reconciling section 29 of the Workmen's Compensation Law with sections 119 and 120 of the Decedent Estate Law. Although an action for personal injuries ordinarily survives the death of the injured party nevertheless it has been authoritatively held that a third-party action of this character is barred if not commenced by the injured employee within a year after the date of the accident (*Taylor* v. *New York Cent. R. R. Co.*, 294 N. Y. 397). However we are not presently concerned with that problem. If the action compromised was barred by the time limitation contained in the statute that was a matter of defense for the defendant in the third-party action to assert against the administratrix.

All of this may lead to the surmise that the action joined to the death case was merely one for conscious pain and suffering that was intimately connected with and led to decedent's death. But such a surmise presents a strange anomaly, so far as the board is concerned, for it found that decedent's death was not related to the accident. In any event before the issue here can be fairly reviewed more proof should be taken as to the precise nature of the action compromised and the circumstances surrounding the settlement. If the action was really one for personal injuries arising from the accident, and the carrier had not waived its rights under section 29 of the statute, then we should say that a compromise without the consent of the carrier, barred an award.

The decision and award should be reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against the board.

Coon, Halpern and Gibson, JJ., concur.

Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to the appellants against the board.