James C. Grane, J.
The defendant seeks to dismiss the complaint herein on the ground that there is another action pending for the same cause. The undisputed facts reveal that on or about the 14th day of May, 1956, plaintiff’s intestate instituted an action for damages for personal injuries and her husband, Joseph Anderle, in the second cause of action in said complaint claimed damages for medical expenses, loss of services and consortium. Subsequent to the commencement of the aforesaid action the plaintiff, Jennie H. Anderle, departed this life on the 28th day of September, 1957. Thereafter, and on or about August 14, 1958, the instant action under attack was brought by the administrator of the estate of the decedent. The complaint in this instant action is for damages for the wrongful death of plaintiff’s intestate and expenses connected therewith allegedly occasioned by the injuries sustained through the negligence of the defendant.
The first cause of action in the prior action confines itself to the injuries and suffering allegedly sustained by plaintiff’s intestate during her lifetime. This action is not abated and a recovery for damages would be personal, i.e., to herself up to the time of her death. (Decedent Estate Law, § 119.) The second action, if recovery is had, would inure to the statutory *936 beneficiaries after the death and is a right of action conferred by statute. (Decedent Estate Law, § 130.)
Thus, it is clear to this court that there are not two causes of action for the same cause. One commences where the other leaves off. The alleged wrongful acts causes injury to two distinct classes of people and while two separate actions are in existence a recovery would not be a double recovery for a single wrong but a single recovery for a double wrong. (Holmes v. City of New York, 269 App. Div. 95, 98.)
With respect to the plaintiff Joseph Anderle’s cause of action in the first original action, a fortiori, since his wife had a cause of action for personal injuries in her lifetime it follows that by reason of his relationship his action is also maintainable for his alleged damages to the time of his wife’s death.
Accordingly, it follows that the motion should be denied with leave to plaintiff to apply for his substitution in his capacity as administrator of the estate of Jennie H. Anderle as plaintiff in the first cause of action.
It seems to this court that in view of the fact that there are two separate causes of action both maintainable, nevertheless, it would be better practice to move for a consolidation so that all of the issues could be determined in one action.
Settle order on notice.