Mario Pittoni, J.
Motion to dismiss the complaint pursuant to rule 106 of the Buies of Civil Practice.
Three causes of action are stated in the complaint — the first and second are for personal injuries of a decedent and for funeral expenses, the third for loss of the decedent’s services and “ the comfort and happiness of his society ”.
There may be no recovery for the loss of companionship (Gilbert v. Stanton Brewery, 295 N. Y. 270). As to the loss of the decedent’s services, an action for the period between the injury and death would be maintainable (Anderle v. Food Fair Stores, 14 Misc 2d 935). But only one parent may sue for the loss of the child’s services, and presumptively the child’s services belong to the father (Doyle v. Rochester Times-Union, 232 App. Div. 878). Therefore, the third cause of action by the plaintiff Theresa Wall is dismissed.
As to the first and second causes of action by the administrator, a single cause of action for personal injuries and funeral expenses is proper under the statute (Decedent Estate Law, § 120). And as the sale of ammunition to a minor is forbidden under section 1896 of the Penal Law the vendor may be held liable for the injuries caused thereby (Henningsen v. Markowitz, 132 Misc. 547; Sickles v. Montgomery Ward & Co., 6 Misc 2d 1000). However, in paragraph “eighth” of the complaint there should be an allegation that the gun containing the ammunition was discharged or fired.
Accordingly, the motion is granted to the extent of directing the plaintiff administrator to serve an amended complaint correcting the defects noted and incorporating in one action the allegation of the first and second causes of action, or pleading in the second cause of action those allegations required for an action under section 130 of the Decedent Estate Law. The present second cause of action does not plead the existence of next of kin, that the shooting was within the State, etc. (see 20 Carmody-Wait, New York Practice, pp. 439, 486). The third cause of action should be repleaded by the father alone as to loss of services prior to the death of Timothy Wall. Settle order on notice.