OPINION OF THE COURT
Bentley Kassal, J.
Motions and cross motions bearing Nos. 71 and 17 of July 27, 1978 are consolidated for disposition. The several motions and cross motions must be considered in terms of the prior history of this matter.
FACTS
Plaintiff’s decedent (son) entered the defendant hospital in June, 1972 for eye surgery and on June 7, the decedent was given preoperative anesthesia, which rendered him unconscious. He never regained consciousness prior to his death on June 16. The present action for wrongful death and personal injuries, based upon negligence and malpractice, was commenced in June, 1975, a few days short of three years after the incident.
By a prior motion, the defendants moved to dismiss, pursuant to CPLR 3211 (subd [a], par 5) on the grounds that the action was barred by the Statute of Limitations and plaintiff cross-moved for permission to amend the complaint to state a cause of action for personal injuries and to enlarge the complaint to permit the cause of action for wrongful death. Mr. Justice Sutton, by a decision, dated July 8, 1978, denied the motion and cross motion, stating, in essence, that the wrongful death action was barred by the Statute of Limitations but that the complaint, insofar as it asserted causes of action for personal injury and malpractice, would be permitted.
PRESENT MOTIONS
1. DISMISSAL AND SUMMARY JUDGMENT
Defendants now move to dismiss and for summary judgment, pursuant to CPLR 3211 (subd [a], par 7) and 3212, respectively.
In opposition, plaintiff cites the following language from the prior decision of Justice Sutton in this matter (Supreme Ct, New York County, July 8, 1978): "EPTL section 11-3.2 clearly states that no cause of action for injury to person or property *139 is lost because of the death of the person in whose favor the cause of action existed. Thus the plaintiff in this action will be permitted to bring an action based in negligence and malpractice in that 3 years has not passed since the occurrence of the incident complained of. The complaint is sufficiently worded to support an action in personal injury and malpractice.”
While that decision is the law of this case with respect to the motions to dismiss under CPLR 3211 (subd [a], par 7), namely, that a cause of action is stated, it did not resolve the issues on the motion for summary judgment, made pursuant to CPLR 3212. The prior decision could not have treated the prior motion as one for summary judgment without affording the parties notice of such election and the opportunity to make an appropriate record. (CPLR 3211, subd [c]; Rovello v Orofino Realty Co., 40 NY2d 633.) Thus, the issue previously resolved was limited to whether the pleading stated any claim upon which some type of relief might be granted.
At this point, the present CPLR 3212 motion for summary judgment no longer merely tests the pleadings, but requires the plaintiff to come forward and lay bare his proof, demonstrating that a bona fide issue of fact exists on his causes of action, warranting the trial of all or part of this matter.
Concededly, the cause of action for wrongful death is barred and, thus, the only issue is whether plaintiff, upon a trial, will be able to establish that he may be entitled to relief on the remaining theories of negligence and malpractice (the latter merely being synonymous with the former since all of the negligence alleged herein relates to medical care provided by the defendant hospital and doctors).
The essence of defendants’ position is that plaintiff will not be able to establish any damages upon trial and, therefore, will not be entitled to any relief. Since the plaintiff has offered no extrinsic evidence on this motion, the court is limited to the claims made in the pleadings.
(a) Conscious Pain and Suffering
The complaint alleges in pertinent part, that the plaintiff’s decedent "was rendered completely unconscious as a result of the said anesthesia [and] did not recover or regain consciousness” prior to expiring. Accordingly, there can be no recovery for conscious pain and suffering. (Blunt v Zinni, 32 AD2d 882, affd 27 NY2d 521; Alfieri v Cabot Corp., 17 AD2d *140 455, affd 13 NY2d 1027; New Orleans & N.E.RR. Co. v Harris, 247 US 367.)
(b) OTHER DAMAGES
As to other damages, plaintiffs attorney merely quotes the following language from the case of Wright v Pleasant Waste Material Co. (3 AD2d 333, 335): "The usual action for personal injuries includes the elements of pain and suffering, but it also includes other elements, the injury itself and any permanent consequences, plus expenses (Park & Sons Co. v. Hubbard, 198 N. Y. 136).”
Examining the complaint, as limited by the bills of particulars served, the only special damages pleaded are $3,500 in response to the demand for "any other expenses”. On this motion, plaintiff has offered neither an explanation of what such "other expenses” are nor any proof that they exist.
The bills of particulars state there is no claim for loss of earnings, since the decedent was an unemployed student.
No special damages are pleaded for physicians, hospital or other medical services on the grounds that "No bills rendered to date”.
(c) FUNERAL EXPENSES
The only item of special damages, which has been pleaded, is funeral expenses in the amount of $2,374. While simple logic might indicate that such a claim, which is inexorably conditioned upon the decedent’s death, might be governed solely by the wrongful death Statute of Limitations, this is not the case.
EPTL 5-4.1 provides: "The personal representative * * * of a decedent * * * may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent’s death * * * Such an action must be commenced within two years after the decedent’s death.” Pursuant to EPTL 5-4.3, included among the proper elements of that action are "the reasonable funeral expenses of the decedent paid by the distributees, or for the payment of which any distributee is responsible”. Thus, funeral expenses, if paid or incurred by a distributee are part of the wrongful death action (Matter of Ward, 84 Misc 2d 196) and would be barred by the two-year Statute of Limitations, provided in EPTL 5-4.1.
However, the wrongful death provisions of the EPTL (EPTL *141 5-4.1 — 5-4.3) are not the only rules applicable to the recovery of funeral expenses. The "survival” or "revival” provisions of the EPTL, providing for the commencement or continuance of a cause of action for personal injuries which survives decedent’s death (Holmes v City of New York, 269 App Div 95, affd 295 NY 615) expressly state: "Where an injury causes the death of a person the damages recoverable for such injury are limited to those accruing before death and shall not include damages for or by reason of death, except that the reasonable funeral expenses of the decedent, paid by the estate or for the payment of which the estate is responsible, shall be recoverable in such action. The damages recovered become part of the estate of the deceased.” (EPTL 11-3.3, subd [a]; emphasis added.)
Thus, funeral expenses, if paid or incurred by the decedent’s estate are part of the personal injury action (Wall v Wanser, 24 Misc 2d 132) and are governed by the three-year Statute of Limitations provided in CPLR 214.
As stated in the Practice Commentary, by Samuel Hoffman, "an exception to the rule that a recovery in a wrongful death action accrues to the decedent’s distributees is created with respect to the funeral expenses of the decedent”. (McKinney’s Cons Laws of NY, Book 17B, EPTL 11-3.3, p 295-296.)
An examination of the legislative history of these provisions (see, generally, Matter of Jackson, 71 Misc 2d 133) indicates that funeral expenses may be recovered upon either of these two separate causes of action, which accrued at different times and have different Statutes of Limitation, depending solely upon the legal capacity of the party who paid or incurred the expenses. (Cf. dissenting opn of Chief Judge Breitel in Caffaro v Trayna, 35 NY2d 245, 253.)
CONCLUSION
The pleadings do not reveal, and none of the parties have directly addressed, the issue of whether the claim for funeral expenses is on behalf of a party who would be barred by the wrongful death Statute of Limitations (EPTL 5-4.1). Accordingly, in the interests of justice, since there is still a triable issue of fact as to that issue, the motion for summary judgment as to this claim only is denied, without prejudice to further motions, addressing the issue as framed above and supported by appropriate proof.
*142 As to all of the other claims asserted in the complaint, by reason of Statute of Limitations and lack of alleged and/or provable damages, plaintiff has failed to demonstrate that any factual issues remain warranting a trial. Accordingly, partial summary judgment is granted, dismissing all claims except those for funeral expenses.