■ ELEANOR BREITERMAN, Respondent, v ELMAR PROPERTIES,

INC., Appellant, and FRANK DE PALMA, Proposed Intervenor-Appellant.—In an action for moneys allegedly due under certain promissory notes, the defendant Elmar Properties, Inc. (hereinafter Elmar) and the proposed intervenor Frank De Palma (hereinafter De Palma) appeal from an order of the Supreme Court, Queens County (Durante, J.), dated November 12, 1985, which granted the plaintiff's motion for summary judgment in lieu of a complaint and granted a hearing to assess damages, and denied their cross motion to (1) dismiss the action on the ground that an action had been filed in Federal court (CPLR 3211 [a] [4]) and (2) allow De Palma to intervene as a party defendant, and Elmar appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), entered January 15, 1986, which, after a hearing, is in favor of the plaintiff and against it in the principal sum of $301,196 together with interest of $6,855, and attorney's fees of $15,400, and costs and disbursements.

Ordered that the appeals from the order are dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]), and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Special Term properly granted the plaintiff's motion for summary judgment as the defendant has not raised any triable issue of fact as to the validity of the loans made by the plaintiff and the plaintiff's assignor to the subject corporations (see, Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338). The plaintiff submitted loan agreements signed by both the individuals and the corporations and canceled checks evidencing that those loans were made. In light of this evidence, the proposed intervenor's speculation, in an affidavit on behalf of the defendant, that he believed that these loans may have never been made is not sufficient to defeat the motion for summary judgment (see, Auerbach v Bennett, 47 NY2d 619; Citibank, N.A. v Furlong, 81 AD2d 803).

Additionally, the court properly denied De Palma's application for leave to intervene as he has not demonstrated that his interests are not being adequately represented by the corporation (see, CPLR 1012). Moreover, a shareholder, even a principal shareholder, who is incidentally injured by an injury to the corporation does not have standing to sue on the basis of either that direct or indirect injury (see, New Castle Siding

*Co. v Wolfson,* 97 AD2d 501, *affd* 63 NY2d 782). De Palma has not shown that any individual duty existed between himself and the plaintiff's assignor as to the loan transaction.

Lastly, the court did not abuse its discretion in refusing to dismiss the action pursuant to CPLR 3211 (a) (4) on the ground that an action between the same parties was pending in Federal court. That Federal action included many additional parties, involved the alleged breach of a settlement agreement and did not relate to the issue of the validity of the loan agreements. Thus, the causes of action did not arise out of the same actionable wrong *(see, Hinman, Straub, Pigors & Manning v Broder,* 89 AD2d 278). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.