OPINION OF THE COURT
Lee L. Holzman, J.
This is an application to receive the proceeds of causes of action arising from decedent’s death and to judicially account therefor.
*154 Decedent died intestate on January 20, 1983 as a result of medical malpractice which allegedly occurred in the years immediately preceding 1980. Decedent’s distributees are five children, three of whom are adults and have consented to the relief sought, and two of whom are infants. A guardian ad litem has been appointed to represent the interests of the infant distributees. The proceeds of the proposed settlement have been allocated $50,000 to wrongful death and $50,000 to personal injuries. The guardian ad litem for the infant distributees has consented to the proposed settlement and allocation as well as to the distribution of that portion of the proceeds allocated to wrongful death pursuant to the provisions of Matter of Kaiser (198 Misc 582).
The guardian ad litem objected to the account to the extent that it charged both a Medicaid lien and the funeral expenses against the proceeds allocated to the cause of action for wrongful death. With regard to the funeral expenses that were incurred by decedent’s brother for which reimbursement is sought herein, there is some authority to support the position of the guardian ad litem that funeral expenses should be charged against that portion of the recovery allocated to personal injuries (see, Guiltinan v Columbia Presbyt. Med. Center, 97 Misc 2d 137; Matter of Ward, 84 Misc 2d 196). However, it is also well established that funeral expenses may be recovered in a wrongful death action if a distributee either paid for or is responsible for the funeral expenses (EPTL 5-4.3 [a]). Here, although decedent’s brother, who is not a distributee, initially paid for the funeral, it is the same as if it had been paid by a distributee because it appears that decedent’s children always intended to reimburse the brother for this expenditure. Accordingly, the objection to the listing in the account of the funeral expenses as a charge against the wrongful death proceeds is dismissed.
On the other hand, with respect to the Medicaid lien, nothing has been presented to indicate that this lien was an element considered in the fixing of that portion of the recovery allocated to wrongful death (EPTL 5-4.3 [a]). Therefore, the payment of the lien for Medicaid payments made on behalf of decedent should be deemed an expense of his estate and cannot be charged against that portion of the recovery allocated to the cause of action for wrongful death which *155 compensates decedent’s distributees for their pecuniary injuries (Ratka v St. Francis Hosp., 44 NY2d 604). Accordingly, the objection of the guardian ad litem to the charging of this expense against the wrongful death recovery is sustained.