■ Guy Graziano et al., Appellants, v Medford Plaza Associates, Ltd., et al., Defendants, and 210 West 29th Street Corp., Respondent. (Action No. 1.) American Casualty Company, as Assignee of Guy Graziano, Respondent, v Medford Plaza Associates, Ltd., et al., Defendants. (Action No. 2.) [769 NYS2d 546]—

In two related actions to recover damages for personal injuries, etc., Guy Graziano and Maureen Graziano, the plaintiffs in Action No. 1, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated April 2, 2002, as denied their motion to dismiss Action No. 2 and to declare them to be the real parties in interest, and granted that branch of the cross motion of the plaintiff in Action No. 2 which was to dismiss Action No. 1.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the plaintiff in Action No. 2 which was to dismiss Action No. 1, substituting therefor a provision denying that branch of the cross motion, and adding thereto a provision consolidating the actions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On April 3, 1997, the plaintiff Guy Graziano, an employee of the Coca-Cola Company, was delivering goods to a delicatessen in a shopping center owned by 210 West 29th Street Corp., when he fell in the parking lot, sustaining personal injuries. Guy Graziano recovered workers' compensation benefits as a result of his injuries. On January 20, 1999, the workers' compensation insurance carrier mailed a certified letter, return receipt requested, to Guy Graziano stating that "if you fail to commence an action against the responsible parties within thirty (30) days of the mailing of this certified/registered letter any and all rights you have to pursue an action against responsible parties will be assigned by operation of law to [the] payor of compensation and medical expenses pursuant to § 29 (2) of the Workers Compensation Law."

In March 1999 the workers' compensation insurance carrier,

"as assignee of Guy Grazziano [*sic*]" commenced an action against Medford Plaza Associates, Ltd., and Med-Block Realty Corp., as owners of the property where the accident occurred, and Camco Services of New York, Inc., and Camco Property Management and Services, Inc., as managing agents of the property (Action No. 2). Unbeknownst to the insurance carrier, at the time of the accident, the property was owned by 210 West 29th Street Corporation which had purchased it from Medford Plaza Associates, Ltd., on December 30, 1996.

In July 1999 Guy Graziano and Maureen Graziano commenced a separate action against Medford Plaza Associates, Ltd., Med-Block Realty Corp., and their partners (Action No. 1). On October 27, 1999, they added the present owner of the property, 210 West 29th Street Corp., as a defendant to the action.

It appears that the Grazianos and the insurance carrier did not realize that there were two actions pending for the same relief until June 2001, after the statute of limitations had expired. Thereafter, at the direction of the Supreme Court, the attorney for the Grazianos discontinued the action against the former owners of the property, leaving 210 West 29th Street Corp. as the sole defendant in their action.

On September 18, 2001, the Grazianos moved to dismiss the carrier's action, or in the alternative, to extend their time set forth in Workers' Compensation Law § 29 (1), (2), to commence their own action nunc pro tunc. The workers' compensation insurance carrier cross-moved, inter alia, to dismiss the Grazianos' action on the ground that the Grazianos' claims were assigned to it pursuant to Workers' Compensation Law § 29 (2). 210 West 29th Street Corp. joined in the cross motion. The Supreme Court denied the motion and granted that branch of the cross motion which was to dismiss the Grazianos' action on the ground that the Grazianos' claims had been assigned to the insurance carrier by operation of law.

Workers' Compensation Law § 29 (2) provides that if an injured employee accepts workers' compensation benefits from his or her employer and fails to commence an action against other responsible parties within six months after compensation is awarded or one year after the cause of action accrued "such failure shall operate as an assignment of [the] cause of action." Pursuant to an amendment enacted in 1951 (L 1951, ch 527), this provision applies only if the insurance carrier notifies the claimant in writing by personal service, or certified or registered mail, return receipt requested, that failure to commence an action within 30 days after mailing shall operate as an assignment to the carrier. The carrier complied with this notice provision

and commenced an action as assignee of Guy Graziano. However, it failed to sue the record owner of the property at the time of the accident and instead sued a prior owner. At the time the motion and cross motion were determined, there were two separate actions pending with different defendants in each action. The statute of limitations had expired. Thus, dismissal of either action would potentially result in prejudice.

As the Court of Appeals noted in *Juba v General Bldrs. Supply Corp.* (7 NY2d 48, 53 [1959]), the provisions in issue must be read "in such a way as to avoid manifest injustice and unintended effects." Further, a carrier's rights as assignee under Workers' Compensation Law § 29 (2) can be waived (*see Hansen v Cauldwell-Wingate Co.*, 3 AD2d 757 [1957]). Under the circumstances of this case, since the carrier took no action against 210 West 29th Street Corp., the owner of the property at the time the accident occurred, it waived its rights as assignee under Workers' Compensation Law § 29 (2) to pursue its claim against that defendant (*see Matter of Wright v Pleasant Waste Material Co.*, 3 AD2d 333, 336 [1957]; *Magee v McNany*, 10 FRD 5 [1950]; *see also Jay v Chicago Bridge & Iron Co.*, 150 F2d 247 [1945]).

The parties' remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.