■ CARRIAFIELIO-DIEHL & ASSOCIATES, INC., et al., Appellants, v D&M ELECTRICAL CONTRACTING, INC., Respondent, et al., Defendant. [784 NYS2d 617]—

In an action, in effect, to recover damages for unjust enrichment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), dated September 24, 2003, as granted the motion of the defendant D&M Electrical Contracting, Inc., pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the defendant D&M Electrical Contracting, Inc., the motion is denied, and the complaint is reinstated insofar as asserted against the defendant D&M Electrical Contracting, Inc.

The Supreme Court erred in granting the motion of the defendant D&M Electrical Contracting, Inc. (hereinafter D&M), to dismiss the complaint insofar as asserted against it. The thrust of the plaintiffs' claims is that embezzled funds were diverted to a real estate developer which used them to post a performance bond, the proceeds of which were awarded to D&M after D&M completed construction on the project (*see D&M Elec. Contr. v Town of N. Castle*, 303 AD2d 707 [2003]). Contrary to the Supreme Court's conclusion, CPLR 217 does not apply to this matter. Nor does the fact that the plaintiffs may have recourse against the embezzler preclude this action against the party allegedly unjustly enriched. The essence of unjust enrichment is that one party has received money or a benefit at the expense of another which, in good conscience, ought to be returned (*see Wolf v National Council of Young Israel*, 264 AD2d 416 [1999]; *Fandy Corp. v Chang*, 272 AD2d 369 [2000]; *Bugarsky v Marcantonio*, 254 AD2d 384 [1998]). Assuming the truth of the plaintiffs' assertions, the complaint alleges a cognizable cause of action to recover damages for unjust enrichment (*see 3105 Grand Corp. v City of New York*, 288 NY 178 [1942]).

Furthermore, our prior holding in *D&M Elec. Contr. v Town of N. Castle* (*supra*) does not bar the instant action as the plaintiffs were not parties thereto and did not have an opportunity to litigate their claims (*see Augustine v Sugrue*, 8 AD3d 517 [2004]; *Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauderdale*, 270 AD2d 374 [2000]; *Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1 [2000]). That appeal decided only the issue of D&M's entitlement to the bond proceeds vis à vis the developer. Indeed, we recognized therein that our decision was without prejudice to the claims of other property owners in the subdivision. While we had no basis to anticipate the plaintiffs' claims

from outside the subdivision, our holding therein was not intended to bar the plaintiffs' unjust enrichment claims against D&M. Accordingly, we reinstate the complaint insofar as asserted against D&M for a determination on the merits. Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.