■ FAY ESTATES, Respondent, v TOYS "R" US, INC., et al., Appellants. [803 NYS2d 135]—

In an action, inter alia, to recover damages for fraud and for a judgment declaring that the defendants fraudulently induced the plaintiff to enter into a letter agreement dated December 21, 2000, reducing the rent due pursuant to a lease, the defendants appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered February 28, 2005, which

denied their motion, among other things, to dismiss the action pursuant to CPLR 3211 (a) (4) and (7).

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the action against the defendant Toys "R" Us, Inc., and substituting therefor a provision granting that branch of the motion, and (2) adding to the provision thereof denying that branch of the defendants' motion which was to dismiss the action pursuant to CPLR 3211 (a) (4) a provision consolidating the action with an action pending in the Supreme Court, Westchester County, entitled *Toys "R" Us-NY, LLC v Fay Estates,* under index No. 17009/04 and otherwise denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the complaint is dismissed insofar as asserted against the defendant Toys "R" Us, Inc., and the action against the remaining defendants is severed.

The plaintiff, as landlord, commenced an action in the United States District Court against, among others, its tenant, Baby Superstore, Inc. (hereinafter Baby Superstore), and Toys "R" Us, Inc., as parent corporation of Baby Superstore, alleging that Baby Superstore fraudulently misrepresented that the plaintiff's property contained hazardous materials to avoid payment of rent, and seeking damages for unpaid rent due under the original lease. The federal action was followed approximately one week later by an action in the Supreme Court, Westchester County, commenced by Toys "R" Us-NY, LLC, against the plaintiff, under index No. 17009/04, to recover the alleged cost of removing the subject materials. One week later, the plaintiff commenced the instant action in the Supreme Court, Westchester County, against Baby Superstore and its parent corporation Toys "R" Us, Inc., Toys "R" Us-Delaware, Inc., Toys "R" Us-NY/Texas Holdings, Inc., and Toys "R" Us-NY, LLC, reasserting its allegations that the tenant fraudulently misrepresented that its property contained hazardous materials to avoid payment of rent, and seeking damages for unpaid rent due under the original lease. Thereafter, the plaintiff voluntarily discontinued the federal action "without prejudice."

The instant action and the action brought by Toys "R" Us-NY, LLC, against the plaintiff were not "between the same parties for the same cause of action" (CPLR 3211 [a] [4]; *see Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 149 [1983], *cert denied* 464 US 993 [1983]; *Barringer v Zgoda,* 91 AD2d 811 [1982]). Further, the action brought by Toys "R" Us-NY, LLC,

was not the first in time. Therefore, the Supreme Court properly declined to dismiss the instant action pursuant to CPLR 3211 (a) (4). However, since the two actions involve common questions of law or fact the actions should have been consolidated (*see* CPLR 3211 [a] [4]; *see also* CPLR 602 [a]; *Graziano v Medford Plaza Assoc.*, 2 AD3d 401 [2003]).

On the question of whether the complaint states a cause of action sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, the facts alleged in the complaint accepted as true, and the plaintiff accorded the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Further, "[u]nder CPLR 3211 a trial court may use affidavits in its consideration of a pleading motion to dismiss" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). Under the circumstances, the Supreme Court properly declined to dismiss the complaint in its entirety.

However, the action should have been dismissed against the defendant Toys "R" Us, Inc., inasmuch as its status as the parent corporation of Baby Superstore in and of itself is insufficient to impose liability (*see Gmerek v Scrivner, Inc.*, 221 AD2d 991 [1995]; *Dempsey v Intercontinental Hotel Corp.*, 126 AD2d 477, 478 [1987]; *Bernick v Cigna Corp.*, 112 AD2d 45 [1985]).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.