ARYEH GUTMAN et al., Respondents, v ZALMAN KLEIN et al., Appellants. [811 NYS2d 413]—

In an action, inter alia, to impose a constructive trust, the defendants appeal from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated March 3, 2005, as denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (4), (5), and (7), and to vacate a notice of pendency.

Ordered that the order is modified, on the law, by adding a provision thereto consolidating the action with an action entitled *Klein v Gutman,* pending in the Supreme Court, Kings County, under index No. 35890/01; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Taking the facts alleged in the pleadings as true, and according the plaintiffs every favorable inference (*see Leon v Martinez,* 84 NY2d 83 [1994]; *Fay Estates v Toys "R" Us, Inc.,* 22 AD3d 712 [2005]), the complaint was sufficient to state causes of action (1) to impose a constructive trust (*see Sharp v Kosmalski,* 40 NY2d 119 [1976]), (2) for attachment (*see Mineola Ford Sales v Rapp,* 242 AD2d 371 [1997]), (3) for an accounting (*see Schantz v Oakman,* 163 NY 148 [1900]), and (4) to recover damages for unjust enrichment (*see Carriafielio-Diehl & Assoc., Inc. v D&M Elec. Contr., Inc.,* 12 AD3d 478 [2004]). Further, as pleaded, these causes of action are not time-barred (*see Eickler v Pecora,* 12 AD3d 635 [2004]; *North Salem Cent. School Dist. v Mahopac Cent. School Dist.,* 1 AD3d 418 [2003]; *Jakacic v Jakacic,* 279 AD2d 551 [2001]; *L & L Plumbing & Heating v DePalo,* 253 AD2d 517 [1998]; *Barash v Estate of Sperlin,* 271 AD2d 558 [2000]). Consequently, the court properly denied those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), and to vacate the notice of pendency (*see Klein v Gutman,* 12 AD3d 348 [2004]).

In addition, the court properly denied that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (4). However, pursuant to CPLR 3211 (a) (4), the court should have consolidated this action with another action entitled *Klein v Gutman,* pending in the Supreme Court, Kings County, under index No. 35890/01 (*see Whitney v Whitney,* 57 NY2d 731 [1982]; *Benenson v SKEK Assoc.,* 293 AD2d 694 [2002]; *Breiterman v Elmar Props.,* 123 AD2d 735 [1986]). Both actions involve common questions of law and fact, and consolidation will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts (*see Fay Estates v Toys "R" Us, Inc., supra; Beerman v Morhaim,* 17 AD3d 302 [2005]). Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.