■ Glen Lau, M.D., et al., Respondents, v Terry Lazar et al., Appellants. [13 NYS3d 56]—Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 14, 2014, which, insofar as appealed from, denied defendants' motion to dismiss the first through nineteenth and the twenty-fourth through twenty-eighth causes of action, unanimously modified, on the law, to grant the motion as to the fourth, fifth, sixth, and seventeenth causes of action, and otherwise affirmed, without costs.

The fourth cause of action, which alleges tortious interference with the parties' letter of intent, should be dismissed because plaintiffs do not allege "the existence of a valid contract between [themselves] and a third party" (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Nevertheless, the three remaining tortious interference claims are properly pleaded because the complaint specifically alleges "that the acts of the defendant corporate officer[ ] which resulted in the tortious interference with contract . . . were beyond the scope

of [his] employment" (*Petkanas v Kooyman*, 303 AD2d 303, 305 [1st Dept 2003]) and were done for malicious and wrongful purposes (*see Bonanni v Straight Arrow Publs.*, 133 AD2d 585, 586-587 [1st Dept 1987]; *see also Algomod Tech. Corp. v Price*, 65 AD3d 974, 975 [1st Dept 2009], *lv denied* 14 NY3d 707 [2010]).

The fifth and sixth causes of action, which allege that the other member of the surgical center breached the operating agreement, should be dismissed because "[a] member of a limited liability company cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof" (*Matias v Mondo Props. LLC*, 43 AD3d 367, 367-368 [1st Dept 2007] [internal quotation marks omitted]; Limited Liability Company Law §§ 609, 610).

The unjust enrichment causes of action predicated on the informal loans made by plaintiffs to several of the defendants are adequately pleaded because "[w]here one party misappropriates property from another and uses that property to pay a debt to a third party, an action for unjust enrichment may lie against the party who ultimately received the money" (*Trade Expo Inc. v Sterling Bancorp*, 2014 NY Slip Op 32408[U], *2 [Sup Ct, NY County 2014], citing *3105 Grand Corp. v City of New York*, 288 NY 178 [1942]; *Carriafielio-Diehl & Assoc., Inc. v D&M Elec. Contr., Inc.*, 12 AD3d 478 [2d Dept 2004]).

The seventeenth cause of action, which alleges that the surgical center was unjustly enriched by capital improvements made by plaintiffs, should be dismissed because of the existence of an express agreement covering those capital improvements (*see Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790-791 [2012]).

We have considered defendants' remaining arguments as to the sufficiency of the pleadings and find them unavailing.

We reject defendants' contention that the motion court demonstrated bias against them warranting assignment of the case to a different Justice. Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.